488 P.2d 343

The REGENTS OF the NEW MEXICO COL-
LEGE OF AGRICULTURE AND ME-
CHANIC ARTS, a body corporate, Plain-
tiff-Appellee,

v.

ACADEMY OF AVIATION, INC., a New
Mexico Corporation et al., Defend-
ants-Appellees,

v.

BUREAU OF REVENUE of the State of
New Mexico, Defendant-Appellant.

No. 9226.

Supreme Court of New Mexico.

Aug. 30, 1971.

Neil E. Weinbrenner, Las Cruces, for
Theodore O. Ryan.

Darden & Sage, Las Cruces, for Re-
gents.

Anthony F. Avallone, Las Cruces, for
Academy of Aviation, Inc.

Johnnie M. Walters, Asst. Atty. Gen.,
Meyer Rothwacks, Crombie J. D. Garrett,
Virginia M. Hopkinson, Attys., Tax Div.,
Dept. of Justice Washington, D. C.; Victor
R. Ortega, U. S. Atty., Ruth C. Streeter,
Asst. U. S. Atty., Albuquerque, for the
United States.

David L. Norvell, Atty. Gen., Curtis W.
Schwartz, Sp. Asst. Atty. Gen., Santa Fe,
for defendant-appellant.

## OPINION

COMPTON, Chief Justice.

The State of New Mexico appeals that portion of the judgment of the Dona Ana County District Court distributing monies originally owed by plaintiff to the defendant, Mesilla Valley Flying Service, Inc., and subsequently assigned by Mesilla to Academy of Aviation, Inc. The judgment awarded $500.00 to the Academy, $500.00 to Theodore O. Ryan, as assignee for benefit of creditors of defendant Mesilla, $353.64 to the State of New Mexico, and $3,813.65 to the United States of America.

The State claims priority by reason of its tax assessment against Mesilla. The United States claims priority by reason of a Federal tax lien filed against Academy. Ryan, the assignee for the benefit of creditors, claims priority due to an alleged failure by the State to properly perfect its lien against Mesilla, and priority over the United States because the assignment to Academy was void.

In this jurisdiction the transfer of substantially all assets of a corporation not in the normal course of business is governed by the Business Corporation Act— Sale of Assets, § 51–28–2, N.M.S.A.1953 (1969 Supp.). For a transfer to be valid certain requirements must be met. The board of directors must adopt a resolution recommending such transfer. Written notice must be given to each shareholder within a certain time period prior to the transfer. Shareholders must authorize the transfer by a two-thirds affirmative vote. It is evident that the board of directors of Mesilla did not meet these requirements. There was no notice to the shareholders, nor was there an affirmative two-thirds vote of the shareholders authorizing the transfer.

We find no cases in New Mexico on what effect failure to give notice to shareholders or have shareholders' approval for a transfer has on the validity of that transfer. However, the question has been considered by other courts.

Section 51–28–2, N.M.S.A.1953 (1969 Supp.) was derived, with slight modification, from the American Bar Association's Model Business Corporation Act, § 72 [now § 79]. The latter was adopted from § 157.-72, Chapter 32, Illinois Revised Statutes.

In 1938, the Seventh Circuit Court of Appeals, in In re Norcor Mfg. Co., 97 F.2d 208 (7th Cir. 1938), quoting from Ashley Wire Co. v. Illinois Steel Co., 164 Ill. 149, 45 N.E. 410 (1896), discussed the applicability of § 157.72 Ill.Rev.Stat. The court, at pages 212, 213, said:

"'There are cases where it has been held essential to the validity of an instrument that the meeting at which it was authorized was called in accordance with the rules governing the relations between the corporation and its agents, but they have never been recognized as affecting strangers to the corporation in this state.

"'* * * The courts of this state have always protected third parties dealing in good faith with corporations within the general scope of their powers.'"

A Calfornia court faced with interpreting Oregon Revised Statutes, § 57.711, noted that the Oregon statute was taken from the Model Business Corporation Act, § 72, which as stated above, was taken from Illinois statutes. That court, in McDermott v. Bear Film Co., 219 Cal.App.2d 607, 33 Cal.Rptr. 486, at page 490 (1963), said:

"* * * In cases applying the Illinois provision before its enactment by Oregon, the courts have held that nonconsenting shareholders representing less than one-third of the stock may not set aside an executed transfer of corporate assets although the controlling interests in the corporation failed to send out notices of a shareholders' meeting to pass upon the transaction. * * *

"* * * [that] in applying an Oregon statute drawn from a model act or statute of another state, the Oregon courts will accept it as judicially construed prior to Oregon's adoption of the law. * * *

"The cases applying the Illinois statute are consistent with the weight of American authority, which holds that failure to follow statutory formalities for obtaining shareholders' approval will not vitiate corporate transactions where in fact the requisite number of shareholders have consented; that such statutes are mandatory in requiring shareholders' consent, but only directory in specifying the procedure for obtaining consent; that a stranger dealing with the corporation in good faith is not put to the necessity of confirming the directors' compliance with internal notification procedures."

We think it implicit from the above cases that for a transfer to one other than a stranger to the corporation to be valid the statutory requirements must be strictly complied with. Here the directors and officers of Mesilla and Academy were the same persons with a recognized fiduciary duty owing to each corporation, thus not strangers to the corporation.

In Geddes v. Anaconda Copper Mining Co., 254 U.S. 590, 599, 41 S.Ct. 209, 65 L.Ed. 425 (1921), the United States Supreme Court said:

"The relation of directors to corporations is of such a fiduciary nature that transactions between boards having common members are regarded as jealously by the law as are personal dealings between a director and his corporation. * * *"

From the foregoing cases we adopt the following as the rule in transactions coming within the scope of § 51–28–2, N.M.S.A.1953 (1969 Supp.) A failure to adhere to statutory procedure will not invalidate a transaction with a stranger to a corporation where in fact the required two-thirds shares of the corporation entitled to vote have consented to the transaction. But, where as in this instance, the recipient of the corporate assets is not a stranger to the corporation, the statutory procedures must be strictly complied with.

The transaction in question from Mesilla to Academy was not to a stranger of the corporation, therefore, the procedures called for in the statute must have been strictly complied with. They were not. Pursuant to our interpretation of other jurisdictions' judicial construction of the pertinent statute and our promulgation of the above rule, we hold that the trial court erred in finding that the assignment from Mesilla to Academy valid. The transaction was void and the monies never passed to Academy.

Since the monies did not pass from Mesilla to Academy, the trial court erred in allowing Academy $500.00 exemption from those monies.

Internal Revenue Code of 1954, § 6321, provides that a tax lien attaches to all property and rights to property, whether real or personal, belonging to a person who refuses to pay a tax due after demand by the Internal Revenue Service. Since the transfer from Mesilla to Academy was void there was no property or rights to property subject to the lien of the United States. It follows that the United States should not participate in the distribution of the monies owed by the plaintiff.

In disposing of priorities between the assignee for the benefit of creditors and the State of New Mexico, we are governed by the Tax Administration Act, §§ 72–13–13 through 72–13–92, N.M.S.A.1953 (1969 Supp.).

An assessment of taxes is effective "when an effective jeopardy assessment is made as provided in the Tax Administration Act." Section 72–13–32(B) (3), N.M.S.A.1953 (1969 Supp.). Jeopardy assessments become liens on all property and rights to property of a person when that person neglects or refuses to pay the tax after it has been assessed. Section 72–13–51(A), N.M.S.A.1953 (1969 Supp.). We conclude that the jeopardy assessment issued by the State on October 16, 1968, pursuant to § 72–13–72, N.M.S.A.1953 (1969 Supp.), against Mesilla was an effective assessment. In addition, the assessment was a lien in favor of the State of New Mexico upon all property and rights to property

of Mesilla. According to § 72–13–32(C), N.M.S.A.1953 (1969 Supp.), an assessment made by the bureau is presumptively correct. This presumption may be overcome by showing that the Bureau of Revenue failed to follow the statutory provisions contained in the Tax Administration Act. We conclude that this presumption was not overcome, and that the State of New Mexico has a valid lien and is prior to the assignee for the benefit of creditors.

█ Defendant appellee, Ryan, contends that he as assignee for the benefit of creditors is entitled to $1,000.00 exemption of Mesilla's assets under § 72–13–50, N.M.S.A. 1953 (1969 Supp.). We agree.

The trial court erred in allowing the United States and Academy to participate in the distribution of the monies owed by the plaintiff. The judgment is reversed and remanded with direction to the trial court to enter a new judgment as follows: $1,000.00 to Theodore O. Ryan, as assignee for the benefit of creditors of Mesilla, and $4,167.29 to the State of New Mexico.

It is so ordered.

McMANUS and MONTOYA, JJ., concur.