492 P.2d 1003

**William A. McCONNELL, Appellant,**

v.

**STATE of New Mexico ex rel. BUREAU OF REVENUE, Appellee.**

**No. 714.**

Court of Appeals of New Mexico.
Dec. 22, 1971.

Larry D. Beall, James R. Toulouse, Toulouse & Moore, P. A., Alburquerque, for appellant.

David L. Norvell, Atty. Gen., Curtis W. Schwartz, Asst. Atty. Gen., John E. Owens, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SUTIN, Judge.

This is an appeal by McConnell from a decision and order of the Commissioner of Revenue, which denied the protests made to the Bureau of Revenue assessments.

We affirm.

A formal hearing was held and McConnell appeared pro se. He claims the decision was, as a matter of law, arbitrary, capricious, and constituted an abuse of discretion and thereby resulted in violation of his constitutional rights.

These claims are based on the contention that McConnell was not fully aware of his rights as to the conduct, requirements and conclusiveness of the formal hearing. On the basis of not being "fully aware," McConnell asserts he did not receive "the fair and full hearing to which he is entitled."

The record shows that the hearing officer carefully advised McConnell as to the statutory procedures and his rights in connection with the hearing. The record also shows that McConnell did not come prepared for the hearing. Having been unprepared, McConnell now claims the Bureau should have given him opportunity to present his evidence at a later time, and, although it was his burden to proceed, that he was denied the right to cross-examine a witness who was never called. These claims are necessarily based on McConnell's lack of preparation and do not provide a basis for overturning the Commissioner's decision. The record clearly shows McConnell was given a full and fair hearing.

McConnell had a right to appear by himself or by an attorney or an accountant, § 72–13–38(E), N.M.S.A.1953 (Repl.Vol. 10, pt. 2, Supp.1971), but if he chose to appear alone, he appeared at his own peril. New York State Commission for Human Rights v. E. Landau Industries, Inc., 57 Misc.2d 918, 293 N.Y.S.2d 917 (1968). He is not entitled to any special privileges, and the administrative hearing officer is not required to assume the duties of counsel for the protestant. Griswold v. Department of Alcoholic Beverage Control, 141 Cal.App.2d 807, 297 P.2d 762 (1956).

McConnell also contends the decision of the Commissioner is not supported by substantial evidence. This is answered by the statute. "Any assessment of taxes made by the bureau is presumed to be correct." Section 72–13–32(C), N.M.S.A. 1953 (Repl.Vol. 10, pt. 2, Supp.1971). One way in which the presumption may be overcome is ". . . by showing that the Bureau of Revenue failed to follow the statutory provisions contained in the Tax Administration Act." Regents of New Mexico College of Agriculture and Mechanic Arts v. Academy of Aviation, Inc., 83 N.M. 86, 488 P.2d 343 (1971). We conclude that this presumption was not overcome because the record shows the statutory provisions were followed and because McConnell presented no evidence tending

388

to dispute the factual correctness of the assessments.

Affirmed.

It is so ordered.

WOOD, C. J., and COWAN, J., concur.

HENDLEY, J., not participating.