542 P.2d 1182 (1975)
In the Matter of the Protest of Ira B. Miller to the 1974 Valuation of the Real Property in Lincoin County, New Mexico.
ERNEST W. HAHN, INC., a corporation, Protestant-Appellant,
v.
COUNTY ASSESSOR FOR BERNALILLO COUNTY, New Mexico, Respondent-Appellee.
CARLO, INC., Petitioner-Appellant,
v.
COUNTY ASSESSOR FOR BERNALILLO COUNTY, New Mexico, Respondent-Appellee.
DALE BELLAMAH LAND CO., INC., Protestant-Appellant,
v.
COUNTY ASSESSOR FOR BERNALILLO COUNTY, New Mexico, Respondent-Appellee.
Nos. 1715, 1725, 1739 and 1767.
Court of Appeals of New Mexico.
September 16, 1975.
Rehearing Denied October 15, 1975.
Certiorari Denied November 20, 1975.
*1183 Charles C. Spann, Grantham and Spann, Albuquerque, for Ira B. Miller, protestant.
J. Victor Pongetti, Albuquerque, for appellant Ernest W. Hahn, Inc. and Dale Bellamah Land Co., Inc.
Gene E. Franchini, Matteucci, Franchini, Calkins & Michael, Albuquerque, for appellant Carlo, Inc.
*1184 Charles A. Shaw, Asst. Dist. Atty., Alamogordo, for appellee Lincoln County.
Sandra A. Grisham, Vance Mauney, Albuquerque, for appellee.
Toney Anaya, Atty. Gen., John C. Cook, Joseph T. Sprague, Asst. Attys. Gen., Santa Fe, for amicus curiae, Property Tax Dept.

OPINION
SUTIN, Judge.
Four property owners-taxpayers appeal from an Order and Decision of the county valuation protests board located in the county in which each taxpayer's land is situated. These counties are Lincoln and Bernalillo. Because they present the same or related questions, we have consolidated these cases for review.
Each board denied the taxpayer's protest of the valuation of his land by the county assessor.
We reverse the decisions of the county valuation protests boards.

A. Taxpayers Involved and Location of Land

(1) Ira B. Miller owns land in Ruidoso Downs, Lincoln County.
(2) Ernest W. Hahn, Inc., Dale Bellamah Land Co., Inc. and Carlo, Inc. each own land in Bernalillo County.

B. Rules Governing Assessment Procedure

In 1973 the Legislature enacted the "New Mexico Property Tax Code". Section 72-28-1 et seq. Special 1973 Supplement. This code and the regulations promulgated by the Director of the Property Appraisal Department were declared effective January 1, 1975, and are not applicable to the cases before us. Property Tax Department Regulation 31-27:2 provides for County Protests Board procedures. However, prior to the effective date of the Propty Tax Code, no such procedures were provided for.
In 1970 the Legislature enacted the "Property Appraisal Department Act". Sections 72-25-1 et seq., N.M.S.A. 1953 (Repl.Vol. 10, pt. 2, Special 1974 Supp.). Section 72-25-6 provides:
A. Unless a specific method for appraising property is provided by law, the department shall adopt regulations for appraising each kind of property in the state. Such regulations shall contain findings of fact upon which the method of appraisal is based and a detailed description of the method of appraisal of such property. [Emphasis added].
* * * * * *
H. All existing orders, rulings and regulations which have been filed with the state records center, and existing procedures of the state tax commission shall be continued in full force and effect until revoked, superseded or amended by the department; . .. .
The New Mexico Property Appraisal Department issued to each New Mexico county assessors, a Land Manual for determining "Methods of Land Valuation". We have reviewed this manual and find nothing therein which constitutes compliance with subdivision (A) of § 72-25-6.
Under the Property Appraisal Department Act, the Supreme Court held that:
The county taxing authorities have no statutory authority or right to assess taxable tangible property contrary to the directions, rules, regulations and orders of the P.A.D., as the functions of the local taxing authorities are purely ministerial. [Emphasis added]. New Mexico Prop. App. Dept. v. Board of County Com'rs, 82 N.M. 267, 269, 479 P.2d 771, 773 (1971).
In 1973, the Legislature created a property appraisal department director, § 72-6-12, N.M.S.A. 1953 (Repl.Vol. 10, pt. 2, 1973 Supp.). Under this enactment the director has authority to issue regulations, rulings, orders and instructions to county assessors to assure compliance with the laws of property taxation. The director "may promulgate *1185 all necessary rules and regulations, including standards of assessment, which rules and regulations shall be followed by the county assessors in connection with the assessment and valuation of property for tax purposes." Section 72-6-12.1.
We have reviewed all of the regulations submitted by the Property Appraisal Department to this Court pursuant to the instant appeals. We find none which provides a method to govern the valuation and assessment of the taxpayers' property. We find none which provides a specific method for appraising horse race tracks or shopping centers or that contains "findings of fact ... and a detailed description of the method of appraisal... ." [Section 72-25-6(A)]. We find none issued by the Director of the Property Appraisal Department.

C. Rules Governing County Valuation Protests Boards Hearings

Neither Chapter 72, Revenue and Taxation, § 72-2-1 et seq., nor the regulations of the Property Appraisal Department provide for rules of practice before the county valuation protests boards. There is no provision for findings of fact and conclusions of law by the boards, nor any provision for discovery of evidence by the taxpayer.
The only applicable statutory provision is § 72-2-39.1(A) which provides that:
The technical Rules of Evidence and the Rules of Civil Procedure [§ 21-1-1 (1) et seq.] do not apply at protest hearings before a county valuation protests board.
In the instant cases, hearings were held by the Lincoln and Bernalillo County Valuation Protests Boards regarding appellants' protests. In each case, the board excluded evidence proffered by the taxpayer. In the case of appellant Miller, the Lincoln County Board denied Miller the right to discovery of evidence regarding the method of valuation of his property.
In each of the cases that are part of this appeal, the county valuation protests board entered an order "that no change be made in the valuation records of the county assessor... ."
The taxpayers appealed to this Court pursuant to § 72-2-39.2.

D. The law provides no guidelines for the county assessor

In each case, the county assessor appraised the value of the taxpayer's property. The method by which a valuation was assessed on each taxpayer's property is unknown.

E. Taxpayers were denied their constitutional right to procedural due process by (1) the Boards' denial of discovery by deposition, and (2) the Boards' exclusion of relevant evidence

(1) Denial of Discovery by Deposition

Miller, prior to his hearing before the Lincoln County Valuation Protests Board, attempted to take depositions of the county appraiser and a member of the State Reappraisal Department to learn the basis upon which the contested assessment was made. He was denied the right to take depositions by the Board because, it claimed, the law does not provide for this method of discovery on appeal, the Board cites the statement in § 72-2-39.1(A) that the "Rules of Civil Procedure ... do not apply ..." as authority for this ruling. We disagree.
Protestants appearing before administrative boards have a right to discovery similar in scope to that granted by Rules 26 to 37 of the Rules of Civil Procedure [§§ 21-1-1(26) to 21-1-1(37), N.M.S.A. 1953 (Repl.Vol. 4, 1970)]. See Equal Employ. Op. Com'n v. Los Alamos Constructors, Inc., 382 F. Supp. 1373 (D.N.M. 1974). The right to discovery in administrative proceedings is based on the rule that wide latitude in admission of evidence shall govern these proceedings. The reason for making the Rules of Evidence and Rules of Civil Procedure inapplicable to hearings before county valuation protests *1186 boards is not to restrict the discovery and presentation of evidence, but to facilitate it. In recent years, the courts have unwaveringly recognized the right to discovery possessed by citizen-participants in administrative proceedings. See, the excelcellent opinion of Judge Winner, tracing the development of the law on this question, in Equal Employ. Op. Com'n., supra.
On July 2, 1973, the county assessor approved a valuation on Miller's land of $43,911. On August 6, 1973, a so-called revised schedule raised the valuation to $272,884. On March 4, 1974, the valuation was increased to $474,083, approximately ten times the valuation approved a year before. Miller had the right to discover by deposition the reasons for the dramatic increase in the valuations of his properties.
Section 4-32-15, N.M.S.A. 1953 (Repl.Vol. 2, pt. 1, 1974) of the "Administative Procedures Act" allows the administrative agency and any party to take depositions at an administrative hearing. This Act does not govern hearings before county valuation protests boards, because such hearings have not been placed under the Act by law. Mayer v. Public Employees Retirement Board, 81 N.M. 64, 463 P.2d 40 (Ct.App. 1970); Westland Corporation v. Commissioner of Revenue, 83 N.M. 29, 487 P.2d 1099 (Ct.App. 1971). It has been suggested that the Legislature has a duty to make the Act applicable to all public agencies to protect the public. Pharmaceutical Mfrs. Ass'n v. New Mexico Bd. of Ph., 86 N.M. 571, 525 P.2d 931 (Ct.App. 1974) (Sutin, J., dissenting).
In any case, the Act demonstrates that depositions are permissible under administrative law, to assist the agency and other parties in obtaining a fair hearing.
Depositions are available in, (1) Corporation Commission hearings [§ 69-7-7, N.M.S.A. 1953 (2d Repl.Vol. 10, pt. 1, 1974)], (2) Public Service Commission hearings [§ 68-8-10, N.M.S.A. 1953 (2d Repl.Vol. 10, pt. 1, 1974)], (3) Arbitration hearings [§ 22-3-15, N.M.S.A. 1953 (Vol. 5, 1973 Supp.)], and (4) State Engineering administrative hearings [§ 75-2-12.1, N.M.S.A. 1953 (Repl.Vol. 11, pt. 2, 1973 Supp.)].
At county valuation protests board hearings, it might happen that a taxpayer has key witnesses unable to attend. Or the taxpayer may be bedridden. Or the county appraisers and State Appraisal Board members may not appear at the hearing. To deny the taxpayer the right to take depositions denies him the right to a fair hearing. Such denial constitutes a denial of due process under the Fourteenth Amendment to the Constitution of the United States. Kaiser Co. v. Industrial Accident Commission, 109 Cal. App.2d 54, 240 P.2d 57 (Ct. App., 1st Dist. 1952). The Lincoln County Protests Board erred in denying Miller the right to discovery in preparation for his hearing.

(2) Exclusion of Evidence

The taxpayers offered in evidence the following:
(a) Miller's land is a horse race track. He offered in evidence, (1) valuations for prior years; (2) copies of tax schedules covering the land owned and used by the horse race tracks at Raton and Sante Fe; (3) a comparison of land values established by the Property Appraisal Department. The chairman announced that all he could consider was "comparable sales or sales of comparable lands", even though there were none of these.
(b) Hahn owned a shopping center and vacant land. It offered in evidence, (1) the market value assigned by the assessor to other comparable properties in the same class; (2) ten regional shopping centers in various parts of the country. The board relied only upon full "actual value", as fixed by the county assessor under § 72-2-3.
(c) Bellamah owned property adjacent to the property of Hahn. It offered in evidence, (1) the market value assigned by the assessor to other comparable properties of the same class; (2) ten regional shopping centers in various parts of the country. The board denied admission for the same reason as with Hahn.
*1187 (d) Carlo owned a neighborhood shopping center. It offered in evidence comparative values of the same class placed thereon by the assessor. The board demanded comparable sales.
The evidence submitted by each taxpayer was relevant.
The protests board cannot rely exclusively on the county assessor's valuation of property even though according to § 72-2-3, the assessment must be at "full actual value". Neither can the board rely on comparable sales or sales of comparable lands where none have occurred. Accordingly, the board must allow the admission of the only available relevant evidence which a taxpayer has.
The reasonable cash market value, reflected by sales of comparable property, is relevant for determining the correct valuation of a piece of property, if there have been such sales. In situations where cash market value cannot be determined, earning capacity, cost of reproduction and original cost less depreciation furnish relevant considerations for determining "value". Hardin v. State Tax Commission, 78 N.M. 477, 432 P.2d 833 (1967).
The Rules of Evidence and Rules of Civil Procedure do not apply to hearings before county valuation protests boards. Section 72-2-39.1(A). The rules provided by the Administrative Procedures Act likewise do not apply. Mayer v. Public Employees Retirement Board, supra; Westland Corporation, supra. Since there must be some rules to govern admission of evidence in proceedings before the county valuation protests boards, these rules must be found in the body of administrative law that has grown up in the courts.
In stating that the "technical Rules of Evidence ... do not apply at protest hearings before a county valuation protests board ...", § 72-2-39.1 uses substantially the same language as: (a) statutes in other jurisdictions, e.g., Federal Power Act, 16 U.S.C.A. § 825g(b) (1974), at 726, and (b) the United States Supreme Court, Opp Cotton Mills, Inc. v. Administrator, 312 U.S. 126, 155, 61 S.Ct. 524, 537, 85 L.Ed. 624, 641 (1941). The rationale for such language is to allow wide latitude in the admission of evidence before an administrative board. See K. Davis, Administrative Law Treatise, v. 2, § 14.08 (1958) at 282-88.
The New Mexico rules governing exclusion of evidence at an administrative hearing are clear. The State has not given to administrative boards the "authority to catalogue which evidence shall be considered" in deciding a protest. Eaton v. Bureau of Revenue, 84 N.M. 226, 228, 501 P.2d 670, 672 (Ct.App. 1972). The rules governing admissibility of evidence are frequently relaxed. When the administrative board has reached a decision and promulgated an order without considering all the evidence presented at the hearing, the "decision and Order" is arbitrary and should be reversed. Id.
Both federal and state courts, like this Court in Eaton, supra, have reversed administrative board decisions because of the board's exclusion of evidence. See, Fleury v. Edwards, 14 N.Y.2d 334, 251 N.Y.S.2d 647, 200 N.E.2d 550 (1964); American Rubber Prod. Corp. v. National Labor Rel. Bd., 214 F.2d 47 (7th Cir.1954); National Labor Relations Board v. Ohio Calcium Co., 133 F.2d 721 (6th Cir.1943); Davis, supra, § 14.09, at 288-91. For the admission of evidence under the Administrative Procedures Act, see § 4-32-11, N.M.S.A. 1953 (Repl.Vol. 2, pt. 1, 1974).
Throughout the judicial system, and especially in administrative hearings, the trend is towards a relaxation and replacement of rigid exclusionary rules. See Davis, supra, § 14.01 at 250; National Labor Relations Board v. Remington Rand, Inc., 94 F.2d 862, 873 (2d Cir.1938), cert. denied, 304 U.S. 576, 58 S.Ct. 1046, 82 L.Ed. 1540 (1938).
The Fourteenth Amendment guarantees every citizen the right to procedural due process in state proceedings. By "procedural *1188 due process" we mean the following:
Procedural due process, that is, the element of the due process provisions of the Fifth and Fourteenth Amendments which relates to the requisite characteristics of proceedings seeking to effect a deprivation of life, liberty, or property, may be described as follows: one whom it is sought to deprive of such rights must be informed of this fact (that is, he must be given notice of the proceedings against him); he must be given an opportunity to defend himself (that is, a hearing); and the proceedings looking toward the deprivation must be essentially fair. Annot.: Suspension or revocation of medical or legal professional license as violating due process  federal cases, 98 L.Ed. 851, 855 (1954).
Embodied in the term, "procedural due process", is the opportunity to be heard and to present any defense. In Re Nelson, 78 N.M. 739, 437 P.2d 1008 (1968). On the great significance of procedural due process in our legal system, see Justice Jackson's dissenting opinion in Shaughnessy v. United States, 345 U.S. 206, 73 S.Ct. 625, 97 L.Ed. 956 (1953).
"Administrative proceedings must conform to fundamental principles of justice and the requirements of due process of law." Waupoose v. Kusper, 8 Ill. App.3d 668, 290 N.E.2d 903, 905 (App.Ct. 1st Dist. 1972). A litigant must be given a full opportunity to be heard with all rights related thereto. In Re S-M-W, 485 S.W.2d 158 (Mo. App. 1972).
As noted by the courts quoted from, supra, a notion of fairness is included within the concept of procedural due process. In a hearing before an administrative agency, the agency must examine both sides of the controversy in order to fairly protect the interests and rights of all who are involved. A refusal to allow witnesses to be called is a denial of procedural due process. Nichols v. Eckert, 504 P.2d 1359 (Alaska, 1973). This includes the taking and weighing of evidence that is offered, and a finding of fact based upon consideration of the evidence. Kentucky Alcoholic Beverage Control Bd. v. Jacobs, 269 S.W. 2d 189 (Ky. 1954).
"The essence of justice is largely procedural. Procedural fairness and regularity are of the indispensable essence of liberty." Mid-Plains Telephone, Inc. v. Public Service Com'n, 56 Wis.2d 780, 202 N.W.2d 907, 911 (1973).

(3) Conclusion as to Exclusion of Evidence by the Boards

By unlawfully excluding evidence and denying the right to discovery, the county valuation protests boards curtailed appellants' right to be heard and to present any defense. In so doing, they deprived appellants of their constitutionally-guaranteed right to procedural due process. In Re Nelson, supra.
Taxpayers are entitled to new hearings. Evidence of valuation of comparable properties or other properties of the same class are admissible in evidence and are to be weighed by the boards in arriving at their decisions.

F. The county valuation protests boards erred by refusing to consider and to decide the constitutionality of unequal assessments as between taxpayers' properties and comparable properties

Taxpayers claim that assessment of their properties at values higher than assessments of comparable properties violates Article VIII, Section 1 of the New Mexico Constitution, which provides that:
Taxes levied upon tangible property shall be in proportion to the value thereof, and taxes shall be equal and uniform upon subjects of taxation of the same class. N.M.S.A. 1953 (Repl. Vol. 1, 1970).
All taxpayers except Miller contend, in addition, that assessment of their properties at values higher than those for comparable properties violates the Equal Protection and Due Process clauses of the Fourteenth *1189 Amendment to the United States Constitution and Article II, Section 18 of the New Mexico Constitution, N.M.S.A. 1953 (Repl. Vol. 1, 1970).
The appellee-protests boards contend that they are empowered by § 72-2-37 only to consider whether assessment of a protestant's property was at "full actual value", pursuant to § 72-2-3; and that their statutory authorization does not allow them to determine whether assessment of a protestant's property was done in an unequal or discriminatory fashion, as compared with comparable properties. This contention has no merit.
The protests boards derive their powers from § 72-2-38, as follows:
D. The county valuation protests board shall hear and decide protests from persons protesting valuations of property for property taxation purposes made by county assessors and protested under section 72-2-37 N.M.S.A. 1953.
Section 72-2-37 provides, in pertinent part, that:
A... . [A] person may protest the valuation placed upon his property by the assessor by filing a petition with the assessor. Filing a petition in accordance with this section entitles the property owner to a hearing on his protest.
B. Petitions shall:
* * * * * *
(3) state why the person believes the valuation is incorrect and what he believes the correct valuation to be ...
The boards distort the plain meaning of words by their contention that the directive in § 72-2-37, to state in one's protest petition why one believes the valuation was "incorrect", precludes a protestant from arguing before the board that the valuation was incorrect because it was discriminatory and unconstitutional.
When the language of a statute is clear and unambiguous, the statute must be given its literal meaning. Weiser v. Albuquerque Oil & Gasoline Company, 64 N.M. 137, 325 P.2d 720 (1958); Fort v. Neal, 79 N.M. 479, 444 P.2d 990 (1968); Keller v. City of Albuquerque, 85 N.M. 134, 509 P.2d 1329 (1973). The language of §§ 72-2-37 and 72-2-38 clearly and unambiguously gives to the county valuation protests boards the duty to hear a protest of the valuation of a taxpayer's property on any grounds whatsoever. This includes the grounds of allegedly unconstitutional discrimination in comparison with assessments of other properties.
Notably, the State of New Mexico Property Appraisal Department, arguing as amicus curiae on behalf of the county valuation protests boards, conceded appellants' right to raise the allegation of unconstitutional discrimination before the boards.
The county valuation protests boards erred in denying appellants the right to be heard, and in refusing to render a decision on appellants' claims of unconstitutional discrimination in the assessments of their properties.

G. Increase in valuation of appellants Hahn's and Bellamah's properties was not contrary to law

Appellants Hahn and Bellamah contend that upward reappraisal of their properties without similar reappraisal of comparable properties in the county violates the mandate of §§ 72-2-21.1 to 72-2-21.14, pursuant to which reappraisal of their properties was conducted.
The Bernalillo County Valuation Protests Board argues that it is engaging in an "unscheduled continuous reappraisal program, in order to keep values current," and that this does not contravene the statute. We agree. Appellants' contention seems to be that § 72-2-21.1 et seq., require that reappraisal of all comparable properties within each county be completed within the same year. We find nothing in those statutory sections to support that contention. Cf. Skinner v. New Mexico State Tax Commission, 66 N.M. 221, 345 P.2d 750 (1959). Increase in valuation of appellants' properties was not contrary to § 72-2-21.1 et seq., which set up the Special *1190 Reappraisal Program according to which appellants' properties were reappraised.

H. This Court observes the following rules in deciding whether substantial evidence supports the decision of a county valuation protests board

Appellants Hahn, Bellamah and Miller argue that substantial evidence does not support the protests board's decision in each of their cases. There is no need to decide the merits of their contentions since we reverse and remand on other grounds. However, the litigants interpret the rules to guide this Court's review of the evidence differently. We set out the law here, to guide future appeals.
If there is substantial evidence in the record to support a decision of a county valuation protests board, we are bound thereby. United Veterans Org. v. New Mexico Prop. App. Dept., 84 N.M. 114, 500 P.2d 199 (Ct.App. 1972). In deciding if there is substantial evidence to support the decision,
... we must view the evidence in the most favorable light to support the finding and we will reverse only if convinced that the evidence thus viewed, together with all reasonable inferences to be drawn therefrom, cannot sustain the finding. Further, only favorable evidence and the inferences to be drawn therefrom, will be considered, and any evidence unfavorable to the findings will not be considered.
Id., 84 N.M. at 118, 500 P.2d at 203.

I. Further contentions by appellant Miller need not be decided

Appellant Miller contends further that: (1) The Lincoln County Assessor denied him procedural due process by denying him notice of the upward revaluation of his property. (2) The Board's decision was arbitrary and capricious, and an abuse of discretion.
Notice as to the amount of taxation is an essential due process requirement in the collection of property taxes. Maxwell v. Page, 23 N.M. 356, 168 P. 492 (1917); Coulter v. Gough, 80 N.M. 312, 454 P.2d 969 (1969).
Appellant and appellee each interpret differently the facts in the record that pertain to notice, while, at the same time, they agree on the law. Since we are presented with no issue of law to decide on the question, and we remand on other grounds, it is unnecessary to decide the question.
Appellant Miller contends that the Board's decision was arbitrary and capricious, and an abuse of discretion because: (1) the assessment that was the subject of Miller's protest had increased the valuation of his property to an amount more than ten times the original valuation; and (2) the County Assessor allegedly deprived Miller of notice of this increase.
The basis of the different positions of Miller and the Board on this point is their opposing interpretations of the facts in the record. Because we remand on other grounds, we need not decide this question.

J. Conclusion

The Bernalillo County Valuation Protests Board and the Lincoln County Valuation Protests Board denied appellants procedural due process by over-restrictive exclusion of evidence and, in the case of appellant Miller, by denial of the right to discovery.
We reverse and remand to the county valuation protests boards for further proceedings consistent with this opinion.
It is so ordered.
HERNANDEZ and LOPEZ, JJ., concur.