600 P.2d 309

**NEW MEXICO BAPTIST FOUNDATION, H. B. Horn, Foundation and Calvin P. Horn Foundation, Protestants-Appellants,**

v.

**BERNALILLO COUNTY ASSESSOR, Respondent-Appellee.**

No. 3834.

Court of Appeals of New Mexico.

Aug. 16, 1979.

**364**

Ronald F. Horn, Keleher & McLeod, Albuquerque, for protestants-appellants.

Pedro G. Rael, Joe C. Diaz, Albuquerque, for respondent-appellee.

## OPINION

LOPEZ, Judge.

Protestants-appellants, New Mexico Baptist Foundation, H. B. Horn Foundation and Calvin P. Horn Foundation, filed a petition protesting the assessed value placed on certain improvements owned by them in Bernalillo County. In their petition, appellants claimed that the assessed value was excessive. After a hearing, the Bernalillo County Valuation Protest Board entered a Decision and Order leaving the assessed value of the improvements unchanged. This appeal followed. We affirm.

The primary issue on appeal is whether the Order and Decision of the Bernalillo County Valuation Protest Board was arbitrary, capricious or an abuse of discretion, not supported by substantial evidence in the record taken as a whole, or otherwise not in accordance with law. Section 7–38–28D(1), (2), (3), N.M.S.A.1978. If the Order and Decision is of such a nature, this Court has the power to set it aside. Section 7–38–28D(1), (2), (3). In order to determine this issue, the following secondary issue must be decided: whether evidence of a sale of the property to be taxed is "sales of comparable property" for purposes of § 7–36–15B, N.M.S.A.1978.

### Facts

Appellants are the owners of certain improved real property located in Albuquerque, New Mexico. The property consists of land and a commercial building which was used as the office of the Great West Savings and Loan Association before the Association was placed in receivership. In 1978, the Bernalillo County Assessor assessed the market value of the property to be $39,310. Of this assessed value, $15,312 was allocated for the value of the land and $23,998 was allocated for the value of the improvements. Appellants filed a protest with the Bernalillo County Assessor on the grounds that the assessment of the improvements was excessive and the property should not be valued at more than $25,312. Of this latter value, appellants claimed that $15,312 should be allocated for the value of the land and $10,000 allocated for the value of the improvements. After a hearing, the Bernalillo County Valuation Protest Board entered a Decision and Order which left the valuation assessed by the Bernalillo County Assessor unchanged. Appellants appeal the Board's Decision and Order only as it relates to the valuation of the improvements on the property.

*"Sales of Comparable Property" for Purposes of § 7–36–15B, N.M.S.A.1978*

Section 7–36–15A and B, N.M.S.A. 1978, provides:

A. Property subject to valuation for property taxation purposes under this article of the Property Tax Code [Articles 35 to 38 of Chapter 7 NMSA 1978] shall be valued by the methods required by this article of the Property Tax Code whether the determination of value is made by the department or the county assessor. The same or similar methods of valuation shall be used for valuation of the same or similar kinds of property for property taxation purposes.

B. Unless a method or methods of valuation are authorized in Sections 7–36–20 through 7–36–33 NMSA 1978, the value of property for property taxation purposes shall be its market value as determined by sales of comparable property or, if that method cannot be used due to the lack of comparable sales data for the property being valued, then its value shall be determined using an income method or cost methods of valuation. In using any of the methods of valuation authorized by this subsection the valuation authority shall apply generally accepted appraisal techniques.

In determining the value of the property for purposes of taxation, the Bernalillo County Assessor used the cost methods approach. By statute, the determination resulting from this approach is presumed to be correct. Section 7–38–6, N.M.S.A.1978. However, this presumption is rebuttable and can best be characterized as a prima facie inference which shifts the burden of going forward with the evidence to the taxpayer to prove the contrary. *Petition of Kinscherff*, 89 N.M. 669, 556 P.2d 355 (Ct. App.), *cert. denied*, 90 N.M. 8, 558 P.2d 620 (1976). The presumption can be overcome by a taxpayer's showing that the assessor did not follow the statutory provisions of the Act or by presenting evidence tending to dispute the factual correctness of the valuation. *First Nat. Bank v. Bernalillo Cty. Valuation*, 90 N.M. 110, 560 P.2d 174 (Ct.App.1977).

At the hearing before the Board, appellants submitted documentary evidence consisting of certified copies of pleadings filed in the Great West Savings and Loan Association's receivership proceedings. The first pleading submitted was an order to liquidate the Association in a manner reasonably consistent with good business practice. Other pleadings consisted of a receiver's report stating that an attempt was being undertaken to find a purchaser for the Association's building and a motion for approval and authorization to convey the building to a prospective buyer for $10,000. An order was subsequently entered by the trial court which granted the receiver the authority to convey the building at this price. This order was also submitted to the Board. The final documents submitted were a motion and order transferring the building to appellants for the same price.

On appeal, appellants contend that (1) the terms of § 7–36–15B make the use of a cost methods of valuation permissible only if there is a lack of comparable sales data for the property being valued; (2) the above documents constitute evidence of the availability of such data; (3) despite the availability of this data, the Bernalillo County Assessor used the cost replacement approach in determining the value of the property; and (4) the use of such an approach, under these circumstances, is in violation of the statutory provisions of the Act. Based upon these contentions, appellants claim that they have overcome the statutory presumption of correctness. Appellee responds by asserting that the documentary evidence submitted by appellants is not evidence of a comparable sale and that, therefore, the statutory presumption of correctness still stands. We agree.

Essentially, the documents relied upon by appellants as evidence of comparable sales are documents dealing with the sale of that very improvement whose valuation is the subject of the present dispute. Similarly, in *Peterson Prop., etc. v. Valencia City, Val. Protests Bd.*, 89 N.M. 239, 549 P.2d 1074 (Ct.App.1976), the only evidence submitted by the taxpayer was the purchase price of the land in question. Under these facts, this Court ruled that the taxpayer failed to present any evidence of sales of comparable property and that the evidence submitted did not establish a market value under § 7–36–15B. We conclude that the effect of this ruling was the determination that evidence of a sale of the property to be taxed is not "sales of comparable property" for purposes of § 7–36–15B. This conclusion is reinforced by this Court's discussion of the meaning of comparable sales of property in that case. We quoted the following rule with approval:

As commonly used in valuing real estate, *a 'comparable' is property similar to the property being appraised*, and which has been recently sold or is currently being offered for sale. . . . (Emphasis added.)

*Id.* at 243, 549 P.2d at 1078. We conclude that the above rule precludes the use of the property being appraised as a "comparable" for establishing the value of that property. Accordingly, we hold that evidence of a sale of the property to be taxed is not "sales of comparable property" for purposes of § 7–36–15B. Based upon this holding, we further hold that appellants failed to overcome the statutory presumption of correctness

and that the Order and Decision of the Bernalillo County Valuation Protest Board was not arbitrary, capricious or an abuse of discretion, was supported by substantial evidence in the record taken as a whole, and was otherwise in accordance with the law.

Based upon the foregoing, we affirm the Order and Decision of the Bernalillo County Valuation Protest Board.

IT IS SO ORDERED.

HENDLEY and ANDREWS, JJ., concur.