614 P.2d 30
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Brian JOYCE, Defendant-Appellant.**

**No. 4429.**

Court of Appeals of New Mexico.

June 24, 1980.

Jan E. Unna, Rothstein, Bailey & Unna, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Jill Z. Cooper, Deputy Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of two counts of criminal trespass contrary to § 30–20–13(C), N.M.S.A. 1978, defendant appeals. His first point as to whether the policy of the Museum of New Mexico was unenforceable because of its failure to follow the requirements of the State Rules Act, § 14–4–1, *et seq.*, N.M.S.A. 1978, is dispositive. We reverse and remand to the trial court with directions that defendant be discharged.

On May 18, 1972, the Board of Regents of the Museum had a discussion on who would be allowed to sell goods under the portal. A policy was discussed wherein the area under the portal would be reserved exclusively for Indian merchants selling genuine handmade Indian arts and crafts. At the February, 1976, meeting, the policy was formally adopted.

Mr. Ewing, Director of the Museum of New Mexico, testified that in July of 1978, he contacted the district attorney's office to have a notice prepared informing non-Indian vendors that they must leave the portal. The notice was first distributed on July 25, 1978. On the morning of July 26th, the notice was again distributed and its contents were read over a bullhorn. Defendant was also served with a copy of the

notice. Mr. Ewing testified that the defendant, Brian Joyce, was present on the morning of July 26th when the notice was read. The defendant returned later in the afternoon of the 26th. He was again told to leave and, when he refused, he was arrested. At the time of this arrest, the defendant stated that he was aware of the policy. Defendant was again arrested on July 28th for another violation.

Subsequent to defendant's filing of his notice of appeal, he moved this Court for summary dismissal, without prejudice, so he could file a motion for a new trial in which he would present his claim that the "policy" of the museum had not been filed in accordance with the State Rules Act and, therefore, could not be enforced. At this hearing the State stipulated that the regulation had not been filed pursuant to the State Rules Act. The trial court denied the motion for a new trial and this appeal followed.

The pertinent sections of the State Rules Act are as follows:

*14–4–2. Definitions.*

As used in the State Rules Act [14–3–24, 14–3–25, 14–4–1 to 14–4–9 NMSA 1978]:

A. "agency" means any agency, board, commission, department, institution or officer of the state government except the judicial and legislative branches of the state government;

\* \* \* \* \* \*

C. "rule" means any rule, regulation, order, standard, statement of policy, including amendments thereto or repeals thereof issued or promulgated by any agency and purporting to affect one or more agencies besides the agency issuing such rule or to affect persons not members or employees of such issuing agency. An order or decision or other document issued or promulgated in connection with the disposition of any case or agency decision upon a particular matter as applied to a specific set of facts shall not be deemed such a rule nor shall it constitute specific adoption thereof by the agency. Such term shall not include rules relating to

the management, confinement, discipline or release of inmates of any penal or charitable institution, the Springer Boys' School, the Girls' Welfare Home, of any hospital nor to rules made relating to the management of any particular educational institution, whether elementary or otherwise, nor to rules made relating to admissions, discipline, supervision, expulsion or graduation of students therefrom.

*14–4–4. [Filing and distribution of publications and reports; official depository.]*

Each agency issuing any publication, pamphlet, report, notice, proclamation or similar instrument shall immediately file five copies thereof with the records center. The records center shall deliver three copies to the state library which shall keep one copy available for public inspection during office hours.

All other copies may be circulated. The state library is designated to be an official depository of all such publications, pamphlets, reports, notices, proclamations and similar instruments.

*14–4–5. [Filing and compliance required for valid rule.]*

No rule shall be valid or enforceable until it is so filed and shall only be valid and enforceable upon such filing and compliance with any other law.

■ The State's argument that the policy established by the Board of Regents is not a "rule" within the meaning of the Act is frivolous. It is without question that the statement of policy by the Board of Regents was a "rule." The jury was instructed with regard to "violation of Museum policy." Any argument that there is a "grandfather" clause is without merit, since no such clause exists in the State Rules Act. The fact that the policy was of ancient lineage does not exempt it from the State Rules Act.

■ The State argues that the "lawfulness of the museum 'policy' is not determined by the State Rules Act." The State's argument here misses the point. In claiming rights under the State Rules Act, the defendant is not (at this point) contesting

the constitutionality of the policy. The State's argument would equate the federal court's finding of constitutionality (*see Livingston v. Ewing*, 455 F.Supp. 825 (D.N.M. 1978); *aff'd* 601 F.2d 1110 (10th Cir., 1979); *cert. denied* 444 U.S. 870, 100 S.Ct. 147, 62 L.Ed.2d 95 (1979)) with compliance with a State procedural requirement. Given the constitutionality of the policy, it was not enforceable until it was properly filed. The federal court's statement that the State "may enforce this policy with whatever means are available to the State" does not assist the State. Until the rule was filed in compliance with the State Rules Act, criminal trespass charges under § 30–20–13, *supra*, were not a means *available* to the State. Thus, the State's argument that "substantive lawfulness" equates with, results in, and dispels with the necessity of procedural compliance, is unpersuasive.

Next, the State argues that actual notice of a rule dispels the necessity of compliance with the State Rules Act. While we agree that the purpose of the State Rules Act is to provide notice and that the defendant did have actual notice, we find no support for the State's argument in *our* statutory scheme. In *Maestas v. Christmas*, 63 N.M. 447, 321 P.2d 631 (1958), the prior State Rules Act was construed. There the court stated:

> The defendant argues that, under the provisions of §§ 4–10–13 through 4–10–19, N.M.S.A.1953, rules and regulations . . . are not effective until they have been filed with the librarian. However, a careful reading of these statutes reveals that they do not provide that all unfiled rules and regulations are ineffective but merely provide that such rules and regulations shall not be valid as against any person who does not have actual knowledge of their contents.

This statement from *Maestas v. Christmas, supra*, supports the State's argument. However, the statute construed in *Maestas* was repealed by the Laws of 1967, Chapter 275. When it was reenacted in its present form, the actual notice provision was deleted. We must assume that the legislature understood the effect and significance of the amendment.

Finally, the State argues that should this Court find that the State Rules Act applies and has not been complied with, relief to this defendant should nevertheless be denied because of a failure to preserve the issue. We disagree. Not only was the issue preserved by the motion for a new trial, but we conclude that the issue raises a question of fundamental error. The State's case was based upon a violation of the museum policy. Before the policy could be deemed violated, it must have been valid and could be enforced. Failure to follow the State Rules Act caused the policy to be invalid and unenforceable under the terms of § 14–4–5, *supra*. The failure of the State to show that the policy was enforceable resulted in a failure of proof on their part. A failure of proof is fundamental error which can be raised for the first time on appeal. *See State v. Doe*, 92 N.M. 100, 583 P.2d 464 (1978).

Accordingly, the defendant's conviction is reversed and we remand with directions that defendant be discharged. *State v. Losolla*, 84 N.M. 151, 500 P.2d 436 (Ct.App. 1972).

IT IS SO ORDERED.

WALTERS and ANDREWS, JJ., concur.