639 P.2d 605

**LA JARA LAND DEVELOPERS, INC., Roger S. Cox, and Kent L. Moesser, Plaintiffs-Appellants,**

v.

**BERNALILLO COUNTY ASSESSOR, Defendant-Appellee.**

No. 5199.

Court of Appeals of New Mexico.

Jan. 7, 1982.

John P. Salazar, Jason A. Sederquist, Albuquerque, for plaintiffs-appellants.

Kenneth A. Hunt, Asst. County Atty., Albuquerque, for defendant-appellee.

## OPINION

DONNELLY, Judge.

The appeal in this action is from a decision and order of the Bernalillo County Valuation Protests Board (board), upholding the valuation by the county assessor of an improved tract of land located on East Central Avenue within the City of Albuquerque. We reverse and remand.

Plaintiff, La Jara Land Development, Inc., (La Jara), purchased in 1976, a former Holiday Inn, for $1.4 million dollars. During 1976, 1977 and 1978, the Bernalillo County Assessor valued the property for tax purposes at $1.4 million. In 1979, La Jara sold approximately half of the property which fronted on Central Avenue and which contained a restaurant, lounge, office and 124 units. La Jara retained the other portion of the property consisting of 176 rental units located on 5.175 acres. La Jara converted the property retained by it into rental units known as the Shalako Apartments, which it rents on a monthly basis.

In 1979, the assessor valued for ad valorem tax purposes the front half of the property at $1.3 million dollars and the portion retained by plaintiff at $1,222,310.00. La Jara filed a petition with the county valuation protest board, protesting the valuation of the property still owned by plaintiffs.

Pursuant to § 7–38–27, N.M.S.A. 1978, the board held an administrative hearing to decide La Jara's protest as to the valuation placed upon plaintiff's property. Following the hearing the board found that the assessor had used the correct method of valuing the property and denied La Jara's protest.

On appeal La Jara argues:

1) the board's decision was not supported by substantial evidence, was arbitrary and capricious, and was otherwise not in accordance with law, § 7–38–28(D), N.M.S.A. 1978; and

2) the board's failure to consider the purchase price as evidence of the market value was error.

At the hearing on La Jara's protest, the taxpayer offered no evidence as to the present value of the subject property, except a copy of the agreement of sale of the property to plaintiffs from Holiday Inns, Inc., but asserted that the original sale price of the property to La Jara was $1,400,-

000.00, including a liquor license that was valued at $200,000.00. La Jara argued that the sale price should be the basis for the valuation of the property for tax purposes. During the hearing on La Jara's protest however, the following testimony was elicited from Mr. Castillo, the appraiser for the county:

Mr. Page: What was the method of valuation used by the assessor's office?

Mr. Castillo: We valued this property on cost and we have some comparables.

Mr. Page: What was the method of valuation used?

Mr. Castillo: Actually the cost method was used and we have some comparables to back that up.

La Jara argues on appeal that the above admission from the county assessor explaining the method utilized by him to determine the value of the subject property for tax purposes was contrary to the provisions of § 7–36–15(B), N.M.S.A. 1978. This statute provides in applicable part:

(B) Unless a method or methods of valuation are authorized in Sections 7–36–30 through 7–36–33 N.M.S.A. 1978, the value of property for property taxation purposes shall be its market value *as determined by sales of comparable property or, if that method cannot be used due to the lack of comparable sales data for the property being valued, then its value shall be determined using an income method or cost methods of valuation.* In using any of the methods of valuation authorized by this subsection the valuation authority shall apply generally accepted appraisal techniques. [Emphasis supplied].

By appellee's admission, the assessor, in determining the tax value of such property, disregarded the mandate of § 7–36–15, *supra,* which requires valuation by "market value as determined by sales of comparable property" unless comparables cannot be obtained. As conceded by the testimony set out above, the assessor apparently used a combination or hybrid method of determining the appraised value of such property. Under the express provisions of the statute,

the *cost* or *income* method of valuation may be substituted for the "comparable sales" method approach only when there is a "lack of comparable sales data for the property being valued."

In response to La Jara's argument that the method utilized to value such property was contrary to the priorities established by statute, appellee counters with the contention that there is a statutory presumption, § 7–38–6, N.M.S.A. 1978, that the values of property for taxation purposes determined by the county assessor are correct, and that as held in *Peterson Properties v. Valencia County Valuation Protests Board,* 89 N.M. 239, 549 P.2d 1074 (Ct.App.1976), the taxpayer has the burden of going forward with evidence to rebut the presumption of correctness.

■ Under the facts of this case, however, the presumption of correctness has been successfully rebutted because the assessor has furnished direct evidence that the valuation was made contrary to the method required by statute. *See Petition of Kinscherff,* 89 N.M. 669, 556 P.2d 355 (Ct.App.), *cert. denied,* 90 N.M. 8, 558 P.2d 620 (1976). Once the party bound by statute concedes the statute was not followed, the action taken is not valid. *See State v. Joyce,* 94 N.M. 618, 614 P.2d 30 (Ct.App. 1980). Administrative bodies can properly act only within the scope of the authority prescribed by statute. *Public Service Co. v. New Mexico Environmental Inprovement Board,* 89 N.M. 223, 549 P.2d 638 (Ct.App. 1976).

■ The statutory presumption of correctness of the value of property by the county assessor for tax purposes can be overcome by a taxpayer showing that the assessor did not follow the statutory provisions of the act, *or* by presenting evidence tending to dispute the factual correctness of the valuation. *New Mexico Baptist v. Bernalillo County Assessor,* 93 N.M. 363, 600 P.2d 309 (Ct.App.1979); *First National Bank v. Bernalillo County Valuation Protest Board,* 90 N.M. 110, 560 P.2d 174 (Ct. App.1977); *McConnell v. State ex rel. Bu-*

*reau of Revenue*, 83 N.M. 386, 492 P.2d 1003 (Ct.App.1971). Rulings by an administrative agency not in accord with the basic requirements of the statutes relating to the agency will render its decision void. *See Continental Oil Co. v. Oil Conservation Comm.*, 70 N.M. 310, 373 P.2d 809 (1962); *see also, Ellis v. United States*, 610 F.2d 760 (Ct.Cl.1979).

Section 7–36–15, *supra*, mandates that the value of property for taxation purposes shall be its *market approach* as determined by sales of comparable property. "Market approach" is defined in Encyclopedia of Real Estate Appraising, ch. 5, at 86 (E. Friedman ed. 1959), as follows:

> The market approach to value is the method of appraisal in which the value of property is inferred from sales of comparable property. It is also known as the comparative or comparable sales approach, the comparison method, or market data approach to value. Value is measured by observing what comparable properties are selling for in the market.

The same text at ch. 3, p. 37, defines the cost method of appraising property:

> Reproduction costs is the amount of money based on current prices in the market, that would be required to duplicate a building or improvement; with a new property or replica, made of the same or similar basic materials.... [I]n the Cost Approach, the value of property is arrived at as follows: Estimated reproduction or replacement cost of the building new, *less* estimated accrued depreciation, if any, *plus* estimated land value.

■ La Jara did not present any competent evidence at the protest hearing as to the proper current market value of the subject property and relied upon the original purchase price of the property. That is not an appropriate measure for valuation of property for tax purposes. Evidence of what the fair market value of a tract may have been in the past cannot properly be utilized as the sole basis for valuation of the property for tax purposes. *In re Kinscherff, supra.*

On the issue of using the original purchase cost of property to determine market value, as observed in Encyclopedia of Real Estate Appraising, *supra*, ch. 3, at 37–38, the cost approach of appraisal of realty does not always reflect accurately the prevailing economics of market conditions:

> The cost of a piece of real estate is not sufficient, in itself, to determine the value to an owner. For this reason, the cost approach is generally applied by appraisers only as a check on estimates by other approaches to value; cost tends to set the upper limit of values. Comparative conditions surrounding the property must always be taken into consideration.

Although La Jara itself failed to present proper evidence of comparable sales as a basis for determining the valuation of its property for tax purposes, nevertheless it did extract at the protest hearing an admission by the assessor that he did not use the comparison method as the primary mode of arriving at a valuation of the property. The legislature, in enacting § 7–36–15, *supra*, gave priority to the comparable sales method as the proper approach for establishing valuation of realty for tax purposes. *First National Bank v. Bernalillo County Valuation Protest Board, supra. See, also, Peterson Properties v. Valencia County Valuation Protest Board, supra.* Under the statute, the comparable sales method must be utilized unless there is a "lack of comparable sales data for the property being valued." If the "cost method" or "income method" is employed as the primary mode of ascertaining the value of property for tax purposes, the appraiser must determine that there is a lack of comparable sales data precluding utilization of the first method of valuation and support this determination by substantial evidence. *See Matter of Protest of Miller*, 88 N.M. 492, 542 P.2d 1182 (Ct.App.), *cert. denied*, 89 N.M. 5, 546 P.2d 70 (1975); *Hardin v. State Tax Commission*, 78 N.M. 477, 432 P.2d 833 (1967).

■ For the foregoing reasons, we determine that the board based its decision upholding the assessor's valuation of the subject property upon a method other than the

comparable sales approach and failed to expressly find that there existed a lack of sufficient comparable sales for utilizing such method, and which is a statutory prerequisite for reliance upon other methods of assessment. The order appealed from is reversed and the cause is remanded with instructions to reassess taxpayer's property in accordance with the provisions of the Property Tax Code. Costs of appeal are charged to appellee.

IT IS SO ORDERED.

WALTERS, C. J., concurs.

LOPEZ, J., dissents.

LOPEZ, Judge (dissenting.)

I respectfully dissent.

La Jara argues for the first time on appeal that the assessor's method of valuation was arbitrary and capricious and not in accordance with the law, because the method was a "hybrid" method not authorized by § 7–36–15(B), N.M.S.A. 1978, and because the assessor should have used the comparable sales method. Section 7–36–15(B) states:

Unless a method or methods of valuation are authorized in Sections 7–36–20 through 7–36–33 NMSA 1978, the value of property for property taxation purposes shall be its market value as determined by sales of comparable property or, if that method cannot be used due to the lack of comparable sales data for the property being valued, then its value shall be determined using an income method or cost methods of valuation. In using any of the methods of valuation authorized by this subsection the valuation authority shall apply generally accepted appraisal techniques.

At the hearing, Mr. Castillo, an appraiser for the county, stated that the assessor used the cost method of valuation, plus he had "some comparables to back that up." The cost method of valuation is an approved method under the statute, and the assessor did not create a "hybrid" method by presenting some comparable sales data to bolster his valuation.

Mr. Castillo did not state why the assessor had used the cost method as opposed to the comparable method. Section 7–36–15(B) requires the assessor to use the comparable sales method of valuation if he has sufficient comparable sales data. It also provides alternate methods if there is not sufficient comparable sales data. It does not render the use of an alternate method invalid, simply because the assessor did not expressly state that he lacked sufficient comparable sales data and therefore had to use an alternate method.

In *First National Bank v. Bernalillo Cty. Valuation*, 90 N.M. 110, 560 P.2d 174 (Ct. App.1977), this court stated:

At a hearing before the board on the selection of a method of valuation, taxpayer shall present competent evidence to create an issue of fact and request the board to determine the proper method of valuation.

At the hearing, La Jara did not question the assessor's method of valuation, nor did it present any evidence to create an issue of fact on the method of valuation. The board's decision that the cost method of valuation was appropriate in this case was not arbitrary or capricious, or otherwise not in accordance with the law.

There is a statutory presumption that the "[v]alues of property for property taxation purposes determined by the department or county assessor" are correct. Section 7–38–6, N.M.S.A. 1978. The taxpayer has the burden of going forward with evidence to rebut the presumption of correctness. *Peterson Properties v. Valencia Cty. Val. Protests Bd.*, 89 N.M. 239, 549 P.2d 1074 (Ct. App.1976). La Jara argues that in this case the presumption of correctness was successfully rebutted, because the assessor used an improper method of valuation. The method of valuation was appropriate under the circumstances.

Therefore, La Jara had the burden of going forward with evidence to rebut the presumption of correctness. The only evidence that La Jara presented to the board was the purchase price of the property.

The purchase price of the subject property is not an appropriate measure for valuing that property for tax purposes. *New Mexico Baptist v. Bernalillo County*, 93 N.M. 363, 600 P.2d 309 (Ct.App.1979); *Peterson Properties v. Valencia Cty. Val. Protests Bd.* La Jara did not successfully rebut the presumption of correctness of the assessor's valuation.

La Jara challenges the validity of the comparable sales data, which was used to back up the assessor's valuation of the property by the cost method. La Jara claims the sales presented by Mr. Castillo were not "comparable" to the property in question for a variety of reasons.

The scope of appellate review does not include a de novo look at the evidence presented to the protests board. Section 7–38–28(D) N.M.S.A. 1978. This court reviews evidence only to determine if there was substantial evidence to support the board's decision. In *Matter of Protest of Miller*, 88 N.M. 492, 542 P.2d 1182 (Ct.App. 1975), this court stated:

> If there is substantial evidence in the record to support a decision of a county valuation protest board, we are bound thereby. *United Veterans Org. v. New Mexico Prop. App. Dept.*, 84 N.M. 114, 500 P.2d 199 (Ct.App.1972). In deciding if there is substantial evidence to support the decision,
>
> " . . . we must view the evidence in the most favorable light to support the finding and we will reverse only if convinced that the evidence thus viewed, together with all reasonable inferences to be drawn therefrom, cannot sustain the finding. Further, only favorable evidence and the inferences to be drawn therefrom, will be considered, and any evidence unfavorable to the findings will not be considered."

Id., 84 N.M. at 118, 500 P.2d at 203.

Mr. Castillo testified that the front half of the land was valued at $1.75 per sq. ft., and the back piece was valued at $1.00 per sq. ft. He presented several other land sales along or near Central Avenue ranging from $1.00 per sq. ft. to $1.84 per sq. ft. Mr. Castillo testified that the improvements on the property was appraised at $5,663 per unit using the cost method. He presented sales of other motel and apartment units, the lowest of which was $6,000 per unit, and the highest of which was the sale of the 180 units in the Rodeway Inn in 1980 for approximately $19,000 per unit. The assessor's valuation of the property in question was lower using the cost method than the figures presented as comparable sales data. I conclude that there was substantial evidence to support the board's decision that the assessor's valuation was correct.

For the reasons discussed above, the decision of the board should be affirmed.