378 P.2d 619

Boyd E. GERNER, Plaintiff-Appellant,

v.

The STATE TAX COMMISSION of New Mexico, F. Wayne Laws, D. D. Monroe and Felipe Sanchez Y Baca, Members of said Commission, the Board of County Commissioners of Valencia County Sitting as a County Board of Equalization, and the Individual Members Thereof, and the County Assessor of Valencia County, Defendants-Appellees.

No. 6969.

Supreme Court of New Mexico.

Feb. 5, 1963.

Gilbert, White & Gilbert, Sumner S. Koch, Santa Fe, for appellant.

Earl E. Hartley, Atty. Gen., Adolf J. Krehbiel, John W. Shaver, Special Asst. Attys. Gen., Santa Fe, for appellees.

NOBLE, Justice.

This appeal is from a judgment of the district court, affirming a decision of the State Tax Commission, sustaining a valuation placed upon real property in Valencia County by the taxing authorities.

The sole question presented by this appeal is whether appellant's lands were reasonably classified. The facts are quite simple and, for the most part, are uncontradicted. It appears to be conceded that during the period 1928–33, the Nicolas Duran de Chavez Grant was platted, subdivided into ten-acre tracts, and sold largely to non-residents for speculative prices based upon oil activity in the area. That activity subsided after the drilling of one or more dry holes. A large number of these tract owners became delinquent in the payment of taxes and the tracts were sold for such delinquent taxes. Appellant bought a total of something over 1750 acres at tax sales. Some tracts were contiguous, others were not; but the whole tract was checkerboarded and not in one contiguous tract. It does not appear to be disputed that one Mr. Huning had apparently purchased some 15,000 to 20,000 acres of such lands at such tax sales which were also not in a single contiguous tract. Mr. Huning apparently used his lands for grazing purposes. Some 2,000 of the ten-acre tracts remained in separate ownership.

The Valencia County taxing authorities classified the small tract of appellant and the some 2,000 individual owners as "lots," held for speculation for oil or other purposes, and valued them at $10 per acre, while the Huning lands and other grazing lands in the county were valued at $1 per acre. Appellant asserts that the valuation placed upon his lands is so discriminatory and excessive as to constitute constructive fraud.

We have carefully examined the record of the evidence before the Tax Commission. The testimony appears undisputed that appellant's lands are of the same character and quality and are situated similarly to those of Mr. Huning at least, and, we think, to other grazing lands in that part of Valencia County. It is not denied that all of these tracts of land were originally divided into ten-acre tracts and sold for speculative prices because of some oil activity at that time.

In New Mexico, by virtue of § 72–6–7, N.M.S.A. 1953, any mineral value, whether held in fee or as severed minerals, may only be classified and valued by the State Tax Commission. It does not appear that the Commission has ever classified or valued these lands as having a value, speculative or otherwise, for minerals. Local taxing officials have no authority to so classify or value minerals in New Mexico.

Furthermore, no evidence that these lands are being held for speculation in connection with "any other development in the

area" has been pointed out to us. That finding by the Commission and the district court is without substantial support in the evidence.

New Mexico Constitution, Article 8, Section 1 requires taxes to be equal and uniform upon subjects of taxation of the same class, and Article 8, Section 6 prohibits land held in smaller tracts from being valued for tax purposes at a higher value than larger tracts where the land is of the same character or quality and similarly situated. The testimony appears to be uncontradicted that these lands are of the same character and quality and similarly situated as other grazing lands, and no other use, purpose, quality or situation has been pointed out to us from which it could reasonably be said that these lands have acquired a higher value than other grazing lands.

■ It is a matter of common knowledge that land so situated as to be valuable for city lots, probable residences or summer homes is greatly increased in value by platting into smaller tracts or lots suitable for such purposes. Land which is suitable for such purposes because of its segregation into smaller lots or tracts, thus rendered capable of separate purchase, access and use, acquires a salability and an actual market value over and above its market value as a larger tract. C. D. Hillman's Snohomish County Land & R. Co. v. Snohomish County, 87 Wash. 58, 151 P. 96.

The facts here do not involve lands, either within or immediately adjacent to an urban area, which had been subdivided for the purpose of sale for home building or industrial lots and have thereby an added value by reason of such subdivision into smaller tracts. There has not been pointed out to us any use for such lots except that of the speculative oil value above referred to.

■ It is, of course, true that to have uniformity and equality in a form of tax, the valuations must be established by some standard; and after valuations are fixed, the taxes based upon such valuations must be levied by a standard. It is only thus that each taxpayer may bear his fair share of the burden of government.

■ Classification or assessment of property for tax purposes, premised upon hypothetical or speculative values believed, ultimately or at some later time, to be or become the true market value of such land, cannot legitimately be the basis of determining its value. City of Arlington v. Cannon (Tex.Civ.App.), 263 S.W.2d 299; Finch v. Grays Harbor County, 121 Wash. 486, 209 P. 833, 24 A.L.R. 644. See note 24 A.L.R. 649.

■ The effect of the classification and valuation of appellant's property at ten times the valuation of other property of the same character and quality and similarly

situated is so excessive and discriminatory as to entitle the taxpayer to relief. In re Trigg, 46 N.M. 96, 121 P.2d 152. The fact that some other owners of like tracts are similarly assessed is not sufficient to sustain the classification of value. Nor is the fact controlling that these lands, while similar in most respects at least to grazing lands, are not actually being used for that purpose. We would view the matter differently if there was any evidence of a use attached to these tracts by reason of their being subdivided into smaller tracts which increased their value over that of a larger tract.

■ Neither this court nor the district court may reclassify, revalue or re-assess property, improperly classified by taxing officials, and, consequently, assess at an excessive valuation. In re Trigg, supra.

It follows from what has been said that the judgment of the district court must be reversed and the cause remanded with instructions to vacate the judgment appealed from, and to proceed to enter a new judgment not inconsistent with what has been said.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.

CHAVEZ and MOISE, JJ., not participating.