State Board of Trust Company,
No. 5896.

## FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF NASHUA & a.

*v.*

## STATE BOARD OF TRUST COMPANY INCORPORATION & a.

Argued April 1, 1969.
Decided June 30, 1969.

*Sullivan, Gregg & Horton (Mr. Sherman D. Horton, Jr.* orally), for the petitioners.

*Sheehan, Phinney, Bass & Green (Mr. William S. Green* orally), for the Merchants Savings Bank.

GRIMES, J. This is an appeal under RSA ch. 541 from a decision of the Board of Trust Company Incorporation approving under the provisions of RSA ch. 384-B the establishment of a branch of the Merchants Savings Bank in the town of Merrimack. No question is raised as to the standing of the petitioners with respect to compliance with the formalities of appeal.

The Merchants Savings Bank is a mutual savings bank with its principal office in Manchester. It applied for approval to establish a branch in Merrimack in accordance with RSA ch. 384-B. A hearing was held on October 22, 1968 before the Deputy Bank Commissioner (the Commissioner not being in office) and the State Treasurer, following which the Board took the matter under advisement. The same members of the Board met on November 1, 1968, deliberated, made findings, and approved the application. The Attorney General, the third statutory member of the Board, was not present at either meeting.

The burden is on the petitioners to show that the decision of the Board is "clearly unreasonable or unlawful, and all findings of the commission (board) upon all questions of fact properly before it shall be deemed to be *prima facie* lawful and reasonable . . . ." RSA 541:13.

Petitioners claim that the Merchants Savings Bank, hereinafter called Merchants, does not qualify under RSA 384-B:2 for a branch in Merrimack because Manchester is not contiguous to

Merrimack and Merchants does not meet any of the conditions with respect to noncontiguous towns. Petitioners seek to have us adopt a meaning for the word contiguous based upon accessibility rather than upon the existence of common boundaries.

The main or compact part of Manchester is surrounded by towns not including Merrimack, but it has a "tongue" which extends southward for about two miles along the Merrimack River. For some third of a mile, the river bank of the "tongue" is opposite the river bank of Merrimack. There is no bridge or other means of access from one side of the river to the other at this point. The Legislature has precisely defined "contiguous towns" as used in the statute as follows: "Contiguous town means any incorporated town or city any part of the boundaries of which are contiguous to any part of the boundaries of the town or city in which the principal office of a bank is located." RSA 384-B:1 IX.

We hold that under this definition, Merrimack is a contiguous town to Manchester and that the decision of the Board does not violate the general scheme of RSA ch. 384.

We also hold, contrary to petitioners' contention, that the absence of the Attorney General from the meeting of the Board does not invalidate its action. In the absence of a statutory directive to the contrary, a majority ordinarily constitutes a "quorum" which can take effective action. *Bray* v. *Barry*, 91 R. I. 34; *Clark* v. *City Council of Waltham*, 328 Mass. 40; *Perkins* v. *School Committee of Quincy*, 315 Mass. 47. See *Opinion of the Justices*, 98 N. H. 530. We find nothing which convinces us that any different rule should be applied in this case.

We also reject petitioners' contention that the decision of the Board is unlawful because it authorizes an illegal expense for a mutual savings bank. Mutual savings banks are specifically included among the institutions which may operate branches under the provisions of the statute RSA 384-B:1 I. Although losses are projected for the first three years of operation, the branch would be supplying a service to existing depositors, and there was evidence from which it could be found that the branch would result in a profitable operation within a reasonable time and that there was no unreasonable risk to the interest of the depositors.

470

We find no basis for holding that the action of the Board was unlawful or unreasonable.

*Appeal dismissed.*

GRIFFITH and LAMPRON, JJ., did not sit; the others concurred.