556 P.2d 355

**Petition of John KINSCHERFF and Sunnyland Development Co., Inc., Appeal from an Order of the County Valuation Protest Board for Sandoval County, New Mexico.**

**No. 2345.**

Court of Appeals of New Mexico.

Oct. 5, 1976.

Rehearing Denied Oct. 18, 1976.

Certiorari Denied Nov. 18, 1976.

---

John W. Danfelser, Norman L. Gagne, Poole, Tinnin, Danfelser & Martin, Albuquerque, for appellant.

Toney Anaya, Atty. Gen., Joseph T. Sprague, John C. Cook, Asst. Attys. Gen., Santa Fe, for appellee.

## OPINION

HERNANDEZ, Judge.

Taxpayers, John Kinscherff and Sunnyland Development Company, Inc., pursuant to Section 72–31–28(A), N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1975) appeal from two orders of the County Valuation Protest Board (Board) for Sandoval Coun-

ty, New Mexico, sustaining a valuation placed upon their respective tracts of land by the County Assessor.

Taxpayers allege two points of error, the first of which is dispositive of this appeal. However, we will discuss the second for the future guidance of the Board.

"POINT I: THE ORDER OF THE BOARD SHOULD BE SET ASIDE AND THIS MATTER REMANDED TO THE BOARD WITH INSTRUCTIONS TO ALLOW PETITIONERS' PROTEST BECAUSE THE BOARD'S ORDER WAS ISSUED CONTRARY TO LAW."

"POINT II: THE BOARD'S DECISION SHOULD BE SET ASIDE BECAUSE IT IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE TAKEN AS A WHOLE AND IS ARBITRARY, CAPRICIOUS AND AN ABUSE OF DISCRETION."

We reverse and remand with instructions.

Section 72–31–25(A), N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, Supp.1975) provides: "There is created in each county a 'county valuation protests board.' Each board shall consist of the three [3] county commissioners as ex-officio nonvoting members and three [3] voting members appointed as follows . . . ." Section 72–31–25(D), N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1975) provides: "*The county valuation protests board* shall hear and decide protests . . . ." The taxpayers' protest petition was heard on October 14, 1975, by two of the three voting members. The taxpayers did not challenge the jurisdiction of the Board below for lack of a quorum nor do they raise it as an issue on appeal. They did claim below and do so on appeal that the Board was improperly composed because neither of the two Board members who heard their petition was a "qualified elector of the county . . . [with] demonstrated experience in the field of valuation of property" as

required by § 72–31–25(A)(2), N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, Supp.1975). "However, lack of jurisdiction at any stage of the proceedings is a controlling consideration which must be resolved before going further and an appellate court may raise the question of jurisdiction on its own motion." *In Re Doe III*, 87 N.M. 170, 531 P.2d 218 (Ct.App.1975). Our Supreme Court in *State v. Kelly*, 27 N.M. 412, 202 P. 524 (1921) stated that: ". . . where a duty is intrusted to a board composed of different individuals, that board can act officially only as such, in convened session, with the members, or a quorum thereof present." The Board argues that there was a quorum of the voting members present and that this was sufficient for the hearing to be the official act of the Board. We do not agree. Had the legislature intended that the non-voting members of the Board be considered as mere supernumeraries they would have so stated. Or, had the legislature intended that the presence of two of the voting members would constitute a quorum they would have so specified. Absent any such statutory provisions the common-law rule applies, i.e., a majority of all of the members of a board or commission shall constitute a quorum. *Federal Trade Commission v. Flotill Products, Inc.*, 389 U.S. 179, 88 S.Ct. 401, 19 L.Ed.2d 398 (1967); *Kaiser v. Real Estate Com'n. of District of Columbia*, 155 A.2d 715 (Munic.Ct.App., D.C. 1959), aff'd., *Kaiser v. Adams*, 108 U.S. App.D.C. 94, 280 F.2d 642 (1960); 4 McQuillin, Municipal Corporations § 13.30 (3d Ed., 1968 Rev. Vol.). A quorum must be present before such a body "can act officially." *State v. Kelly*, supra. That is, any act done with less than a quorum present is invalid. *Gaskins v. Jones*, 198 S.C. 508, 18 S.E.2d 454 (1942). The acts of a majority of the quorum are binding on the entire body. *Kaiser v. Real Estate Com'n. of District of Columbia*, supra. There being less than a quorum present at the hearing, the orders of the Board are invalid.

The facts necessary for an understanding of the discussion of the second point are as follows: The tract of land belonging to taxpayer Sunnyland Development Co., Inc. is 113 acres in size. It had been subdivided into several hundred mobile home sites. The streets had been surveyed, graded and compacted. An 8 inch well had been drilled to a depth of 850 feet and a pump installed. The tract of land of taxpayer John Kinscherff, which adjoins the Sunnyland property on the north, is 279 acres in size and is undeveloped range land. These two tracts are located on the bluffs on the west side of the Rio Grande approximately one mile north of Highway 44. They are bounded on the east by the Rio Grande and on the west by Jemez Canyon Dam Road, owned by the Federal Government and administered by the Bureau of Land Management. They are also bounded on the west by a 60-foot wide roadway easement given by the Federal Government to the Indians of the Santa Ana Pueblo. They are bounded on the south by a small tract owned by Mr. and Mrs. H. E. Leonard and by the Coronado State Monument, owned by the State of New Mexico. They are bounded on the north by the lands of the Santa Ana Pueblo. The tracts were purchased in 1973 for the sum of $588,000.00, or $1,500.00 per acre. The County Assessor assessed the Kinscherff tract for the year 1975 as having a value of $313,875.00 and the Sunnyland tract at $169,500.00, with a net taxable value for both tracts of $161,125.00. The taxpayers presented uncontradicted evidence that access to their property over the Jemez Canyon Dam Road was physically blocked by personnel of the U. S. Corps of Engineers in June of 1974. The taxpayers then asked the Sandoval County Commission to request that this road be declared a public right-of-way. On August 19, 1974, the County Commission wrote to the Bureau of Land Management requesting that this be done and stated that the Commission would assume responsibility for the road. The request was denied by letter dated November 22, 1974, which stated that the road had been reserved for use by the Bureau of Indians Affairs and the Corps of Engineers and that it could not be made a public road unless the two agencies relinquished that right. The Bureau of Indians Affairs, when contacted, stated they would not relinquish their right to the road. Mr. Alfred C. Ratchner, a real estate appraiser, testified on behalf of the taxpayers that because of the lack of access the highest and best use that the property could be put to was as grazing land by one of the adjoining land owners, probably the Santa Ana Pueblo, and that as such it had a fair market value on January 1, 1975 of $18.00 per acre, or $2,034.00 for the Sunnyland tract and $5,022.00 for the Kinscherff tract.

The Board introduced into evidence an appraisal report dated February 13, 1975, prepared by two "appraisal specialists" from the Property Tax Department. Neither of the two appraisers was subpoenaed to appear by the Board. These appraisers acknowledged in the preliminary statements of their report that "accessibility to this tract of land [they appraised both tracts together] is questionable, but can only be decided by a court of law." However, aside from this oblique reference they did not consider lack of access as a factor to be considered in reaching their appraisal of $2,000.00 per acre plus improvements of $169,500.00 on the Sunnyland tract. Mr. Dominguez, the Sandoval County Assessor's chief appraiser, who was the only witness to appear in behalf of the Board, stated that the valuation placed on the subject tracts of land by the County Assessor had come from an appraisal made by the previous Chief Appraiser, Ann Rustebak. She too had not been subpoenaed to appear at the hearing. Mr. Dominguez, speaking of the Rustebak appraisal of the two tracts, stated the following: "There is no way that the Assessor at this time can

defend these particular appraisals without having to dig out the previous Assessor or Chief Appraiser."

 Section 72–31–6, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1975) provides in part that: "Values of property for property taxation purposes determined by the department or the county assessor are presumed to be correct." This presumption is rebuttable and is best characterized as a prima facie inference in that it shifts the burden of going forward with the evidence to the taxpayer to prove the contrary. The taxpayers, in our opinion, effectively rebutted the presumption. It is commonly known that the usual factors which are considered in ascertaining the fair market value of any given tract of land are its size, shape, location, topography, accessibility to roads, availability of public utilities, and comparable sales. In a given instance, one factor may far outweigh all the rest in importance, and such is the case here. Common sense dictates that without access the useful purposes to which these tracts might be put are extremely limited and consequently their value is affected accordingly.

Section 72–31–7, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1975) provides in part that: "All property subject to valuation for property taxation purposes shall be valued as of January 1 of each tax year . . . ." What the fair market value of a tract may have been in the past or speculation as to what it might be in the future cannot serve as the basis for valuation. See *Gerner v. State Tax Commission*, 71 N.M. 385, 378 P.2d 619 (1963). Granted that taxpayers paid substantial sums for their respective tracts and that the tracts could have substantial value in the future, should they secure access; the statute nonetheless mandates determination of value on January 1 of the year in question.

Section 72–31–27(A), N.M.S.A. 1953 (Repl. Vol. 10, pt. 2, Supp.1975) provides in part that: "The technical rules of evidence and the Rules of Civil Procedure

do not apply at protest hearings before a county valuation protests board." However, "the rules relating to weight, applicability or materiality of evidence are not thus limited." *Eaton v. Bureau of Revenue*, 84 N.M. 226, 501 P.2d 670 (Ct.App. 1972), cert. denied, *Commissioner of Revenue v. Eaton*, 84 N.M. 219, 501 P.2d 663 (1972). In our opinion the Orders of the Board are completely unsupported by substantial evidence. The only substantial evidence of the fair market value of the subject tracts as of January 1, 1975, came from the testimony of the taxpayers' witness, Mr. Alfred C. Ratchner.

The Orders of the Board are hereby set aside because they are not in accordance with law. This matter is remanded to the Board with instructions to afford taxpayers a proper hearing on their respective protests. Costs of this appeal are charged to the Board.

IT IS SO ORDERED.

SUTIN and LOPEZ, JJ., concur.