668 P.2d 323

**William E. COBB, Appellant,**

v.

**OTERO COUNTY ASSESSOR, Appellee.**

**No. 6049.**

Court of Appeals of New Mexico.

July 26, 1983.

F. Randolph Burroughs, Burroughs & Rhodes, Alamogordo, for appellant.

Patricia Wellington, Shaw, Thompson, Webber & Giles, P.A., Albuquerque, for appellee.

OPINION

NEAL, Judge.

William E. Cobb appeals the Otero County Valuation Protests Board's [Board] 1982 valuation of property owned by him. The assessor valued the property at $152,100. Cobb argues that it should be valued at $117,172. He challenges two findings of the Board:

4. The property owner failed to present competent evidence which met or overcame the statutory presumption (found in Section 7–38–6 NMSA 1978 of the Property Tax Code) which presumption favors the valuations as determined by the Otero County Assessor.

5. The Otero County Assessor presented competent evidence to show that the correct method of valuation was used and that the resulting valuations were correct.

■ Cobb claims that the Board's decision is arbitrary and capricious, and that the record, taken as a whole, does not support the decision.

NMSA 1978, § 7–38–6 (1982 Repl.Pamp.) provides:

Values of property for property taxation purposes determined by the division or the county assessor are presumed to be correct. Determinations of tax rates, classification, allocations of net taxable values of property to governmental units and the computation and determination of property taxes made by the officer or agency responsible therefor under the Property Tax Code [Articles 35 to 38 of Chapter 7 NMSA 1978] are presumed to be correct.

The burden is on the taxpayer to rebut this presumption. *Petition of Kinscherff,* 89 N.M. 669, 556 P.2d 355 (Ct.App.1976).

First, Cobb argues that the Otero County Assessor's calculations are faulty because they are not broken down by lot. This is incorrect. The Board's Exhibit 2 indicates that each lot was valued separately. Cobb also argues that those figures were never introduced into evidence. This also is incor-

rect. Exhibit 2 is part of the record, and the transcript indicates that it was considered by the Board.

■ Second, Cobb argues that the comparable sales used by the Board were faulty. He claims that his comparable sales evidence, which consisted of his purchase price, and his sales price, was the correct measure of value. Under NMSA 1978, § 7–36–15(B) (Repl.Pamp.1982) the comparable sales method is the method to be used, if possible.

North American Land Development Company (NALD) owned and sold many lots in the area where Cobb's property is located. The assessor used NALD's sales as comparables. Cobb contends these are not comparable sales because NALD uses a high pressure sales technique, and because the data was several years old. This is insufficient to rebut the presumption of correctness.

Cobb also claims that the assessor's figures do not reflect the depressed real estate market in Otero County. Mr. Barraza, the Otero County Assessor, however, stated that the market was not as depressed as Cobb claimed.

Essentially Cobb's claim is that the sale of his property is a comparable sale for valuation purposes. The assessor refused to consider sales of his property as comparable sales. *New Mexico Baptist v. Bernalillo County,* 93 N.M. 363, 600 P.2d 309 (Ct.App. 1979), holds that evidence of a sale of the property to be taxed is not "sales of comparable property" for purposes of § 7–36–15(B). Under the facts in *New Mexico Baptist* this holding was correct, however, we do not believe that evidence of a prior sale of the property to be taxed can never be evidence of its market value.

Condemnation Appraisal Practice (1961), put out by the American Institute of Real Estate Appraisers, states at page 61:

> A comparable sale . . . is one that enables the appraiser, court or jury to reason, by comparison, how much a prospective purchaser would pay and an owner accept, for a subject property as of a certain date. . . .

There will be cases in which evidence of a sale of the property to be taxed will be evidence of its market value. The sale should be an arm's length transaction, of recent date, and a valid market comparable. Although we feel the *New Mexico Baptist* rule should be modified, we decline to do so in this case for two reasons.

First, the record amply supports the conclusion that Cobb's purchases and sales were not typical market sales. Cobb stated that he is a speculative buyer. He stated that he determined what he thought the property would sell for, and then offered to purchase the property for 70% of that figure. There is evidence that sales to him were "distress" sales, and that many of his sales were never listed on the open market. Under these circumstances the Board was justified in refusing to accept Cobb's figures as evidence of market value.

Second, Cobb claims that his purchase price is evidence of market value.

> Market value is distinguished from market price in that it assumes prudent conduct on the part of willing buyers and sellers bargaining at arms length, while market price is a fact, the fact of the price actually paid or about to be paid without reference to its reasonableness or prudent conduct of the parties.

E. Friedman, *Encyclopedia of Real Estate Appraising* (1959), at 35. Proof of purchase price alone is not sufficient to fix market value without evidence of the details of the sale. *Thaw v. Town of Fairfield,* 132 Conn. 173, 43 A.2d 65 (1945); *State v. City of Milwaukee,* 241 Wis. 548, 6 N.W.2d 718 (1942). The Board properly refused to use Cobb's purchase price as market value.

The Board considered evidence that comparable property was selling for much more than Cobb purchased and sold his property. The Board also considered Cobb's method of purchasing and selling his lots, and determined that Cobb's transactions were not typical market sales, and therefore did not represent market value. On this record we cannot say that the Board's valuation was arbitrary and capricious. Also, the burden is on the taxpayer to rebut the presumption

of correctness. *Kinscherff, supra.* Cobb's evidence does not rebut the presumption.

Cobb's point II, that the record taken as a whole does not support the valuation, is a rehash of his first argument, and we reject it.

■ In closing, we would like to address the fact that the county failed to file an answer brief. Although the New Mexico Rules of Appellate Procedure do not require appellees to file an answer brief, we believe that when the defendant is an entity of the State, such as a county, a brief ought to be submitted to the Court. Unlike private parties, State entities have a responsibility to the general public, which includes protection of the public fisc. An attorney retained by a county should file a brief so that the taxpayers will not have to bear the burden of error.

The decision of the Otero County Valuation Protests Board is affirmed.

IT IS SO ORDERED.

DONNELLY and BIVINS, JJ., concur.