824 P.2d 1053

**In the Matter of the PROTEST OF Mr. William E. COBB and Mrs. Ann Cobb, Protest Nos. C–88–01 through C–88–11.**

**William E. COBB and Ann Cobb, Protestants–Appellants,**

v.

**OTERO COUNTY ASSESSOR, Assessor–Appellee.**

**No. 11361.**

Court of Appeals of New Mexico.

Oct. 28, 1991.

Certiorari Denied Jan. 7, 1992.

Wayne A. Jordon, Durrett, Jordon & Durrett, P.C., Alamogordo, for protestants-appellants.

Daniel A. Bryant, Parsons & Bryant, P.A., Ruidoso, for assessor-appellee.

Gerald B. Richardson, Sp. Asst. Atty. Gen., Taxation and Revenue Dept., Santa Fe, amicus curiae.

## OPINION

ALARID, Chief Judge.

Protestants (the Cobbs) appeal the decision of the Otero County Valuation Protests Board (board), upholding the valuation of their property by the county assessor. Three issues are raised on appeal: 1) whether the mass appraisal method is proper; 2) if not, did the assessor present competent evidence of market value; and 3) should the board have accepted the Cobbs' evidence of comparable sales. We affirm.

## FACTS

The Cobbs are the owners of a number of undeveloped properties in the Timberon Subdivision in Otero County. In 1988, the Cobbs protested the valuation assigned to eleven of those properties. The value asserted by the Cobbs was what they had paid for each of the properties. A hearing was held on the protest and evidence was taken by the board. At the hearing, the Cobbs argued that the county assessor did not use the proper method in determining the value of their properties. The board found that the mass appraisal method used comparable sales to arrive at a value. It further found that the method is a generally accepted technique for establishing market values of properties and was a reasonable method for the Otero County Assessor to use. The board concluded that the Cobbs had not overcome the statutory presumption of correctness.

## DISCUSSION

■ The standard of review of the issues raised by the Cobbs is whether the board's decision to uphold the valuation of the assessed properties is supported by substantial evidence or whether the decision is arbitrary, unlawful, unreasonable or capricious. *Swisher v. Darden,* 59 N.M. 511, 287 P.2d 73 (1955). In making this determination, we are limited to a review of the record before the board. *Id.*

■ NMSA 1978, Section 7–36–15(B) (Repl.Pamp.1990), states that "the value of property for property taxation purposes shall be its market value as determined by sales of comparable property...." Market value means a price which a purchaser, willing but not obliged to buy, would pay an owner, willing but not obliged to sell, taking into consideration all uses to which the property is adapted and might in reason be applied. *Peterson Properties v. Valencia County Valuation Protests Bd.,* 89 N.M. 239, 549 P.2d 1074 (Ct.App.1976). In reviewing sales of other properties, "to compare" means to examine the characteristics or qualities of one or more properties for the purpose of discovering their resemblances or differences. The aim is to show relative values by bringing out characteristic qualities. *Id.* Such factors to consider in determining the market value of a tract of land are its size, shape, location, topography, accessibility to roads, and availability of public utilities. *Petition of Kinscherff,* 89 N.M. 669, 556 P.2d 355 (Ct.App. 1976).

■ The mass appraisal method is a "process of valuing a universe of properties as of a given date, in a uniform order, utilizing standard methodology, employing a common reference for date, and allowing for statistical testing." International Association of Assessing Officers, *Property Assessment Valuation*, 277 (1977). The process is a method by which large areas of land are given a valuation, based on market data, as to what similar land will sell for without engaging in individual parcel-by-parcel appraisals. The process allows tax assessors to accomplish the tremendous job of valuing thousands of parcels of land in their jurisdictions in a systematic and cost-effective manner. The system may incorporate any of the three generally accepted approaches to valuation of property.

The Otero County Assessor implemented the process as follows:

1. The universe of similar properties is defined by determining that a particular group of properties within an area or neighborhood are similar as to size, shape, location, topography, accessibility, and availability of utilities.

2. Information concerning sales of properties within the area or neighborhood is gathered and the data is analyzed. A fair market value for the entire unit is determined based on the mode, which is the most frequently occurring purchase price for properties in the universe. The fair market value is assigned to all properties in the universe.

3. Information regarding sales in the universe is collected on an ongoing basis. That data is used to verify and update values in the universe.

4. If a property owner files a protest, the property is physically examined by the appraiser and the data regarding comparable sales in the universe is examined in order to determine whether the valuation is correct.

Viewing the manner in which the mass appraisal method is implemented and maintained in Otero County, it is clear that the method uses comparable sales. The assessor uses comparable sales to make the initial determination of value and to accomplish the periodic updates required by statute. Comparables are also used when an owner protests, in order to assure that the value is correct. It is clear that the value of the property, for the purpose of taxation, is based on market value determined by comparable sales.

■ We cannot accept the Cobbs' argument that the mass appraisal used by the Otero County Assessor is a methodology not allowed for by Section 7–36–15. The methodology is simply a variation of the comparable sales approach to valuation. There is nothing in the statute mandating an independent fee appraisal on each parcel of land in New Mexico. Nor is there anything in the statute prohibiting the mass appraisal method. We will not read language into the statute that is not there, particularly if it makes sense as written. *See Burroughs v. Board of County Comm'rs of Bernalillo County*, 88 N.M. 303, 540 P.2d 233 (1975).

The Cobbs rely on our decision in *Protest of Plaza Del Sol, Ltd. v. Bernalillo County Assessor*, 104 N.M. 154, 717 P.2d 1123 (Ct.App.1986), to argue that the method is not based on comparable sales. They argue that the steps set forth in *Plaza Del Sol* are not part of the mass appraisal method. We disagree. Determination of comparable sales includes selection of the sales, determination of units of comparison, analysis to determine differences, and estimation of market value of the subject property. *Id.* The mass valuation method as described by the Otero County Assessor for assessment of unimproved property includes a determination of units of comparison and difference. This defines the universe of comparable sales. The selection of sales comes from the universe, and analysis of the sales gives an estimation of the market value of the subject property. The determination of comparable sales requires selection of sales and comparison. Clearly that is done in mass appraisal of unimproved property. Furthermore, the steps set out by this court in *Protest of Plaza Del Sol, Ltd. v. Bernalillo County Assessor* were simply to emphasize that

determining the market value of property is not satisfied by applying calculations derived from a text. A market value determination requires selection and analysis of comparable sales and, if necessary, calculating appropriate adjustments. There is substantial evidence in the record to support the board's finding that the steps taken by the Otero County Assessor did in fact involve the examination of sales of unimproved comparable properties, and therefore it is not deemed arbitrary, unlawful, unreasonable or capricious.

We hold that where the mass appraisal method is based on standard appraisal procedure, such as comparable sales, and the resulting valuation bears a reasonable relationship to the market value, it is an appropriate method of valuation under the statute. In this case, we are not asked to consider, nor do we consider, whether the mass appraisal method may be properly used in the valuation of developed properties.

The determination of value by the assessor is presumed correct. NMSA 1978, § 7–38–6 (Repl.Pamp.1990). That presumption of correctness can be overcome by the taxpayer's showing that the assessor did not follow the statutory provision of the act or by presenting evidence tending to dispute the factual correctness of the valuation. *La Jara Land Developers, Inc. v. Bernalillo County Assessor*, 97 N.M. 318, 639 P.2d 605 (Ct.App.1982). Here the taxpayers did not show that the assessor did not follow the statutory provision. Nor did their evidence overcome the presumption of correctness. Therefore, we need not address whether the assessor presented competent evidence of comparable sales in order to support his appraisal value of the property.

The evidence of market value presented by the Cobbs was the price for which they bought the properties. We have already stated that the proof of purchase price alone is not sufficient to fix market value in this particular case. *Cobb v. Otero County Assessor*, 100 N.M. 207, 668 P.2d 323 (Ct.App.1983); *Peterson Properties v. Valencia County Valuation Protests Bd.*

In *Cobb*, however, this court noted that it was feasible that evidence of a sale of the property to be taxed could be used to determine its market value. In instances where the acquisition price is considered as a factor in determining the market value of property, the sale should be an arm's length transaction, of recent date, and a valid market comparable. *Cobb v. Otero County Assessor*, 100 N.M. at 209, 668 P.2d at 325. These are not the circumstances of the case at bar. The board found that the Cobbs had embarked on a mailing campaign intended to convince landowners to sell their property to the Cobbs at below market value prices. This activity does not constitute a transaction at arm's length. *See Walters v. Knox County Bd. of Revision*, 47 Ohio St.3d 23, 546 N.E.2d 932 (Ohio 1989) (arm's length transaction is one without compulsion or duress, where the parties act in their own self interest, *generally in an open market* (emphasis added)).

## CONCLUSION

For the reasons stated herein we hold that mass appraisal, so long as it is based on a standard appraisal procedure, is an appropriate method of valuation for property tax purposes. We, therefore, affirm the decision of the board.

Appellee moved this court for costs and attorney fees on appeal. We decline to award them as the record does not reflect that this was a frivolous appeal or that rules of appellate procedure were deliberately ignored. *See State ex rel. N.M. State Highway Dep't v. Silva*, 98 N.M. 549, 650 P.2d 833 (Ct.App.1982).

IT IS SO ORDERED.

DONNELLY and CHAVEZ, JJ., concur.