Stephen T. Adams Attorney for the Blue Valley Recreation Commission 40 Corporate Woods, Suite 1200 9401 Indian Creek Pkwy. Overland Park, Kansas 66210
Dear Mr. Adams:
As attorney for the Blue Valley recreation commission (commission), you request our opinion regarding the commission's authority to change its quorum requirement. We understand that the commission wants to know whether it can change its quorum from three to four and what steps need to be taken to accomplish such change.
A body which is subject to the Kansas open meetings act (KOMA) must comply with the requirements of that act whenever it has a "meeting." A meeting is defined as a prearranged gathering by a majority of a quorum for the purpose of discussing business of the body. K.S.A. 75-4317a. If a quorum is three, then a majority of the quorum is two, and there is a "meeting" when two members of the commission discuss the business of the commission at a prearranged gathering. In other words, two members will be in violation of the KOMA while having a "meeting" if they do not comply with other procedural requirements of the KOMA. However, if a quorum is four, a majority of the quorum is three, and a two-member gathering does not constitute a "meeting" under the definition of the KOMA.
The quorum requirement for the recreation commission, comprised of five members, is not expressly set forth in the statutes. The generally accepted rule is that a quorum is the majority of the body. This rule was analyzed in a former opinion of this office: "unless a statute provides otherwise the generally accepted rule is that a majority of any body constitutes a quorum for the transaction of business, and a majority of the quorum is sufficient to take any particular action." Attorney General Opinion No. 83-174, quoting 2 Am.Jur.2d Administrative Law, sec. 196 p. 28-29. See e.g., In re Application of Murray, 193 Kan. 535
(1964); First Fed. S. L. Ass'n v. State Board of Trust Co., Inc.,254 A.2d 835, 836 (N.H. 1969); Bray v. Barry, 160 A.2d 577, (R.I. 1960);Petition of Kinscherff, 556 P.2d 355, 357, 89 N.M. 669 (1976); Davidsonv. State, 221 N.E.2d 814 (Ind. 1966).
Next we need to determine the definition of a majority. Once again a "majority" is not defined within the statutes or by Kansas courts. This office has defined majority subject to K.S.A. 13-1810, as "the number one more than half." Attorney General Opinion No. 83-6. See also Attorney General Opinion 83-174 (used same definition of majority subject to the Metropolitan Topeka Airport Authority, K.S.A. 27-327). Both of these opinions concluded that in the absence of statutory authority to the contrary, generally the quorum and majority of a five member board is three members.
The common law analysis described above mentioned the possibility of circumvention by legislation. The recreation commission was created when the legislature enacted K.S.A. 12-1901 et seq. Recreation commissions are creatures of statutes and have only those powers that are expressed or necessarily implied. See Attorney General Opinion No. 88-157. Any reasonable doubt as to the existance of a power, should be resolved against its existance. State, ex rel. v. Rural High School District No.7, 171 Kan. 437, 441 (1951). The relevant expressed powers are enumerated in K.S.A. 12-1928 which states:
 "Every recreation commission appointed pursuant to this act shall have the power to:
 "(a) Make and adopt rules and regulations for the operation of the recreation system. . . ." K.S.A. 12-1928.
Reading the statute strictly would limit these powers to regulate only the "recreation system". A recreation system is defined as "any system of public recreation and playgrounds established pursuant to this act." K.S.A. 12-1922(c). These statutes do not expressly or implicitly grant the authority to make changes to the composition of the commission itself.
Next, we will discuss any general authority separate from the enabling statutes. Article 12, section 5 of the Kansas constitution and K.S.A.19-101 respectively granted cities and counties home rule powers. The home rule act gave counties the power to "transact all county business and perform all powers of local legislation and administration it deems appropriate." K.S.A. 1992 Supp. 19-101a, as amended. Furthermore, "[t]he powers granted counties pursuant to this act shall be refered to as county home rule powers and they shall be liberally construed for the purpose of giving to counties the largest measure of government." K.S.A. 19-101c.
In Stephan v. Board of Sedwick County Commissioners, 244 Kan. 536
(1989), the Supreme Court held that "the resolution raising the quorum of the five-member county commission from three to four members was a valid excercise of the commission's home rule authority." This case, however, is distinguishable from the question before us. Home rule powers granted by the constitution are limited to the governing body of a city. K.S.A.12-103. The home rule powers granted by the legislature are limited to county commissions. K.S.A. 19-101. The recreation commission is not the governing body of a city or county, so this general authority is not applicable to the commission. See Attorney General Opinion. No. 83-6.
A question then arises about how the Sedgwick court would have held if the commission, with no home rule authority, had changed its quorum requirements. The language in the Sedgwick case was extremely ambiguous in regard to how its ruling effects other public bodies. The Sedgwick
court never spoke out of the context of a county commission. The court did, however, recognize the detrimental policy issues concerning the commission's resolution to increase the quorum requirement.
In Sedgwick, the state argued that to require a quorum that is greater than a majority would strip the majority of the authority granted to them by K.S.A. 1988 Supp. 77-201 Fourth. 244 Kan. at 542. K.S.A. 1988 Supp.77-201 Fourth provides:
 "Words giving a joint authority to three or more public officers or other persons shall be construed as [giving] that authority to a majority of them, unless it is otherwise expressed in the act giving the authority."
However, the Sedgwick court found no Kansas case that has ever interpreted this statute as containing a definition of the quorum required for a legal meeting. Rather, the statute has been consistently interpreted as a voting requirement, the cases holding that a majority vote is sufficient to bind a collective body, and that a unanimous vote is not required. 244 Kan. at 541.
To answer the argument that the legislature did not intend the majority to be hamstrung by a minority by way of the home rule resolution, the Sedgwick court stated:
 "We are not at liberty to interpret the statutes to achieve a desired or popular result. We are bound by fundamental rules of statutory construction. . . . The legislature chose not to define `quorum' in the Open Meetings Act or in any legislative act that uniformly applies to all counties. That the legislature must do, and not this court." 244 Kan. at 542.
While the court never explicitly expressed their opinion, this excerpt might indicate that the court was just following statutory construction rules and not trying to express a policy decision.
Thus, in our opinion, absent any express or implied authority within the enabling statutes, or any general grants of authority such as home rule, the recreation commission has no authority to change its quorum requirement. Since the recreation commission consists of five members, the quorum is three.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas