REQUESTED BY: John Breslow, Auditor of Public Accounts
You have requested the opinion of the Attorney General regarding membership and authority of legal entities created under the provisions of the Interlocal Cooperation Act, Neb. Rev. Stat. §§ 13-801 to 13-827 (1991 and Cum. Supp. 1996) ("Act").
It is briefly related that a joint legal entity, the Custer County Development Board ("Board"), was recently formed under the Act and that "members" of the Board at various times have included both a "for profit" group and a "non-profit" group as an "at-large" member. Reportedly, the Board is the recipient of a grant from the Nebraska Department of Economic Development "to set up 11 community councils in Custer County." You further relate that Custer County is not a "member of CCDB as of the date of this grant" and that only five municipalities were members at the time of the grant application, in April of 1996. It is in the context of these facts that we respond to your questions.
It is FIRST inquired:
 [M]ay a joint entity created in accordance with Nebraska R.R.S. Section 13-804 have "members" who are not "public agency's" as defined by Nebraska R.R.S. Section 13-803?
Yes. We believe a legal entity formed under the Act may have members that are not public agencies as that term is defined for purposes of the Act. Neb. Rev. Stat. § 13-804 (Cum. Supp. 1996) authorizes any two or more public agencies to enter into agreements with one another pursuant to the Act. The term, "public agency", is defined in Neb. Rev. Stat. § 13-803(2) (Cum. Supp. 1996) to mean any county, city, village, school district, or agency of state government or of the United States, any drainage district, sanitary and improvement district, or other municipal corporation, or political subdivision of this state and any political subdivision of another state. The express language of section 13-803 does not include private entities or groups with the definition of the term, public agency.
Under the maxim, expressio unius est exclusio alterius, a statute which enumerates the things on which it is to operate excludes all those not expressly mentioned. State v. Wragge,246 Neb. 864, 524 N.W.2d 54 (1994); Curry v. State ex rel.Stenberg, 242 Neb. 695, 496 N.W.2d 512 (1993). Thus, private companies or other entities not included in section 13-803 would not be public agencies and are unauthorized to be parties to an interlocal agreement under the Act.
In responding to this question, it is appropriate to point out the distinction between members of the legal entity formed and parties to the interlocal agreement. Of course, the membership of a particular legal entity is determined by the nature and organization of the legal entity that is created. The Act provides that any agreement entered into shall, among other things, specify the general organization, composition, and nature of the legal or administrative entity created. See Neb. Rev. Stat. § 13-804(3)(b) (Cum. Supp. 1996).
The interlocal agreement that is the subject of this opinion provides that the board shall consist of a maximum of fifteen members. The members are individuals including two members of the Custer County Board of Supervisors and representatives from each municipality that is a party to the agreement. INTERLOCAL COOPERATION AGREEMENT for CUSTER COUNTY DEVELOPMENT BOARD, p. 1.
Obviously, groups and associations, whether for profit or non-profit organizations are not individuals and the agreement does not include organizations amoung its membership. However, we are not aware of any requirement that all members of the Board be employees or representatives of public agencies or that the membership exclude private individuals. We point out that most governing bodies of political subdivisions include individuals that are variously employed in the private and public sectors among their membership.
The SECOND question is:
 [I]f it is allowable under Nebraska R.R.S. Section 13-804(6) for a joint entity to allow for a profit or non-profit "at-large" member of the group; may that member either vote or be counted in terms of a quorum?
We believe that an individual who is a member of a profit or non-profit organization may serve as a member of the Board as an at-large member selected in accordance with the provisions of the Interlocal Agreement. For purposes of this question, we assume that an individual is a member rather than the organization. As we pointed out in responding to question one, organizations that are not public agencies cannot be parties to the agreement nor serve as members. Whether a member may vote or be counted for purposes of a quorum is dependent on the internal rules of governance adopted by the Board. Generally, a governing body may establish internal rules for its governance and procedure.
The common law rule pertaining to quorums and conducting business is applicable in the absence of a policy or rules. That is, a majority of all members of a board shall constitute a quorum and a majority of the quorum qualified to act may decide to take action. Petition of Kinscherff, 89 N.M. 669, 556 P.2d 355
(1976); Federal Trade Commission v. Flothill Products,Inc., 389 U.S. 179, 88 S.Ct. 401, 19 L.Ed.2d 398 (1967). Accordingly, an at-large member who is not an employee of a public agency may be included for purposes of determining a quorum or voting in the absence of Board rules to the contrary.
The THIRD question(s) presented is:
 [I]s a joint entity created under the Interlocal Cooperation Act restricted to exercising only powers that all members of the interlocal are capable of exercising on their own? Or, if one member of the interlocal is capable of exercising a given power, may the other members, obtain new powers as a result of being part of the interlocal agreement?
As we have noted above, members of the Board and parties to the agreement are not similar nor interchangeable terms. An agreement under the Act may only be entered into by public agencies. However, there is no requirement that membership of the Board consist of government units or public agencies that are parties to the agreement. Rather, the Board consists of up to fifteen individuals that serve as the governing body of the Board. This question was in part addressed in Op. Att'y Gen'l No. 96087 (December 18, 1996). In that opinion it was concluded:
 . . . the Act is not intended to increase nor enhance the substantive powers and authority of governmental subdivisions. Rather, the Act authorizes governmental subdivisions to act jointly for exercise of any powers, privileges, or authority to the extent permitted by law. Neb. Rev. Stat. § 13-804(1) (Cum. Supp. 1996). Local governmental subdivisions have such powers and authority as conferred by law. Counties and county boards can only exercise such powers as are expressly granted by statute which are strictly construed. (citations omitted). Similarly, municipal corporations are creatures of the law established for special purposes, and their corporate acts must be authorized by their character and they possess no power or faculties not conferred by the laws which created them. (citations omitted).
Id. at 3. As you note, Neb. Rev. Stat. § 13-807 (1991) authorizes public agencies to enter into contracts for performing functions which each agency entering into the contract is authorized by law to perform. Thus, the Board cannot exercise powers beyond those conferred by law upon each of the governmental subdivisions that are parties to the interlocal agreement.
You ALSO inquire:
 [M]ay an interlocal provide services outside of the geographic makeup of its members.
This question is highly fact specific and any conclusion is dependent on the activities performed by the municipalities. As we understand, the Board reportedly established a "community council" in a municipality that is not a party to the agreement. You relate that Custer County is not a party to the interlocal agreement. In this respect, we point out that Custer County is set forth as a party to the agreement in the copy of the document you furnished to us. However, we assume that Custer County is not a party to facilitate response to your inquiry.
We believe that it is appropriate for the Board to perform certain economic development functions beyond the municipal boundaries of the parties. We are not aware of any limitations that restrict economic development activities of a city, community or region to a specific geographic location. Economic development activities are government powers that may be exercised by municipalities. The Partnerships for Economic Development Act, Neb. Rev. Stat. §§ 81-1288 to 81-1294 (Cum. Supp. 1996) expressly authorizes communities and counties to further "collective economic development efforts" and encourage collaboration with local areas of the state among communities, counties, and economic development providers and the private sector. See Neb. Rev. Stat. § 81-1290 (Cum. Supp. 1996). Accordingly, the municipalities that are parties to the agreement are authorized by law to collectively participate in regional economic development efforts.
While it is established that the Interlocal Cooperation Act does not enhance the authority and power of government subdivisions, it is also established that the interlocal agreement cannot serve to curtail or prohibit the legislative or administrative authority of the governmental subdivisions. SeeGallagher v. City of Omaha, 189 Neb. 598, 204 N.W.2d 157 (1973). It seems to us that the fact Custer County is not a party to the agreement does not diminish the authority of the municipalities granted under the provisions of the Partnerships for Economic Development Act.
Sincerely yours,
 DON STENBERG Attorney General
 Fredrick F. Neid Assistant Attorney General
Approved By:
Don Stenberg
Attorney General