OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


November 20, 2002

The Honorable Russell W. Malm
Midland County Attorney
200 West Wall Street, Suite 104
Midland, Texas 79701

Opinion No. JC-0580

Re: Whether the presence of a nonvoting member counts in determining a quorum of an appraisal district board, and related questions (RQ-0559-JC)

Dear Mr. Malm:

You ask three questions relating to the authority of a nonvoting member of an appraisal district board. For the reasons set forth below, we conclude that, pursuant to sections 6.03 and 6.04 of the Tax Code, a nonvoting director should be counted in determining whether a quorum exists for a meeting of the board. If an appraisal district board consists of six members, the number of directors necessary to constitute a quorum is four. We also conclude that, under section 6.04, a tax assessor-collector who serves as a nonvoting member is eligible to serve as a board officer. Furthermore, an appraisal district board may itself determine whether a nonvoting member has the authority to make or second motions.

Section 6.03(a) of the Tax Code provides, in relevant part:

> The appraisal district is governed by a board of directors. Five directors are appointed by the taxing units that participate in the district as provided by this section. If the county assessor-collector is not appointed to the board, the county assessor-collector serves as a nonvoting director.

TEX. TAX CODE ANN. § 6.03(a) (Vernon 2001). Likewise, section 6.04(a) of the Tax Code declares:

> A majority of the appraisal district board of directors constitutes a quorum. At its first meeting each calendar year, the board shall elect from its members a chairman and a secretary.

*Id.* § 6.04(a). You indicate that the Midland County Tax Assessor-Collector has not been appointed to the Midland Central Appraisal District Board (the "Board"). Consequently, under the terms of section 6.03(a) of the Tax Code, the Midland County Assessor-Collector "serves as a nonvoting director." *Id.* § 6.03(a). You first ask whether the Assessor-Collector is counted as a member of the Board in determining a quorum.

When a statute is clear and unambiguous, its words are given their common meaning. *Ex parte Evans*, 964 S.W.2d 643, 646 (Tex. Crim. App. 1998); *Raines v. Sugg*, 930 S.W.2d 912, 913 (Tex. App.–Ft. Worth 1996, no writ). As the Texas Supreme Court has noted, "it is cardinal law in Texas that a court construes a statute, 'first, by looking to the plain and common meaning of the statute's words.' If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999) (citing *Liberty Mut. Ins. Co. vs. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998)).

Section 6.03(a) of the Tax Code states that "[t]he appraisal district is governed by a board of directors." TEX. TAX CODE ANN. § 6.03(a) (Vernon 2001). Furthermore, a county assessor-collector who has not been appointed to the board "serves as a nonvoting director." *Id.* Section 6.04(a) declares that "[a] majority of the appraisal district board of directors constitutes a quorum." *Id.* § 6.04(a). In our opinion, it follows from the "plain and common meaning" of the statutory language that the Assessor-Collector is a member of the Board for purposes of determining the presence of a quorum. Thus, there are six directors comprising the Midland Central Appraisal District Board. Because a quorum is defined in Texas law to mean a "majority," it follows that the presence of four members of the Board is necessary to constitute a quorum. *See* TEX. GOV'T CODE ANN. § 311.013(b) (Vernon 1998) ("A quorum of a public body is a majority of the number of members fixed by statute.").

We must also address a prior opinion of this office that would appear to require a contrary result. In Attorney General Opinion DM-160 (1992), this office considered a request from the Board of Licensure for Nursing Home Administrators as to whether three *ex officio*, nonvoting members should be counted in determining the presence of a quorum. The opinion concluded that "the *ex officio*, nonvoting members on the board should not be counted in determining whether a quorum is present." Tex. Att'y Gen. Op. No. DM-160 (1992) at 3. The principal authority cited for this proposition is a 1957 middle-level appellate case from Tennessee, which in turn relies solely on a quotation from a legal encyclopedia. *See Bedford County Hosp. Dist. v. County of Bedford*, 304 S.W.2d 697, 704 (Tenn. Ct. App. 1957) ("Ordinarily, a quorum means a majority of all entitled to vote. 74 C.J.S. *Quorum* p. 171.").

A later and better reasoned case, in our opinion, supports the contrary view. *See Petition of Kinscherff*, 556 P.2d 355 (N.M. Ct. App. 1976), *cert. denied*, 558 P.2d 620 (N.M. 1976). A New Mexico statute provided for a "county valuation protests board" to be created in every county. Each board consisted of three appointed voting members and three county commissioners as *ex officio* nonvoting members. *Id.* at 357. The particular board at issue in *Kinscherff* argued that only the voting members could be counted in determining the presence of a quorum. The court disagreed:

> Had the legislature intended that the non-voting members of the Board be considered as mere supernumeraries they would have so stated. Or, had the legislature intended that the presence of two of the voting members would constitute a quorum they would have so specified. Absent any such statutory provisions the common-law

> rule applies, *i.e.*, a majority of all of the members of a board or commission shall constitute a quorum.

*Id.* Although there is admittedly little in the jurisprudence of other jurisdictions to guide us, we believe that the *Kinscherff* case reliably states the common law rule – that a nonvoting member of a board or commission should be counted in determining the presence of a quorum. As a result, we overrule any statement to the contrary in Attorney General Opinion DM-160 (1992).

You also ask whether the Midland County Tax Assessor-Collector may serve as an officer of the Board. Section 6.04(a) of the Tax Code declares that "[a]t its first meeting each calendar year, the board shall elect from its members a chairman and a secretary." TEX. TAX CODE ANN. § 6.04(a) (Vernon 2001). As we have previously noted, section 6.03(a) clearly states that an assessor-collector who is not appointed to the board of an appraisal district "serves as a nonvoting director." *Id.* § 6.03(a). Because the Assessor-Collector is thus a "member" of the Board, he is eligible, under the terms of section 6.04(a), to serve as the Board's chairman or secretary.

Finally, you ask whether the Assessor-Collector, as a nonvoting member, may make and second motions. In our opinion, whether an assessor-collector may do so is an internal matter of an appraisal board, and consequently, the Board may opt to allow or disallow the Assessor-Collector's authority to make and second motions. Although there appears to be no relevant law on this matter, we may infer an answer from several sources. In the first place, section 6.04(b) of the Tax Code states that "[t]he board may meet at any time at the call of the chairman *or as provided by board rule.*" TEX. TAX CODE ANN. § 6.04(b) (Vernon 2001) (emphasis added). This clause implies that a board is authorized to adopt rules governing its own internal procedures. In Attorney General Opinion DM-228 (1993), this office considered whether a commissioners court was permitted to use *Robert's Rules of Order* for the purpose of governing discussion in its meetings, and whether a treatise might be used to regulate the conduct of meetings. The opinion concluded that "[i]f the commissioners court wishes its meetings to be conducted according to *Robert's Rules of Order* or of those provisions of a treatise that are consistent with law, and to require compliance with those provisions from all members of the court, the court must formally vote to adopt the provisions." Tex. Att'y Gen. Op. No. DM-228 (1993) at 3. An appraisal district board, like a commissioners court, is a creature of statute, and, as such, may adopt only those rules that are consistent with statutory law. *See Canales v. Laughlin*, 214 S.W.2d 451 (Tex. 1948). Nevertheless, as in Attorney General Opinion DM-228, we see no impediment to an appraisal district board adopting a rule to determine whether its nonvoting member is entitled to make and second motions. *See also* Tex. Att'y Gen. Op. No. DM-473 (1998) (issue of agenda preparation is a matter of internal city council procedure). We conclude therefore that, although a nonvoting director of an appraisal district board is not entitled by statute to make and second motions, neither is he statutorily prohibited from doing so. An appraisal board may determine by rule whether to permit that member to make and second motions.

## S U M M A R Y

Under the provisions of sections 6.03(a) and 6.04(a) of the Tax Code, an assessor-collector who is a nonvoting member of an appraisal district board is counted in determining the presence of a quorum. Such individual may in turn serve as chairman or secretary of the board. An appraisal district board may determine by rule whether to permit the assessor-collector to make and second motions. Attorney General Opinion DM-160 (1992) is overruled to the extent that it conflicts with this conclusion.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee