548 P.2d 93

**Appeal of Cora S. ARMIJO and Robert E. Fox et al., from the Orders of the County Evaluation Protest Board of Bernalillo County.**

No. 2234.

Court of Appeals of New Mexico.

March 16, 1976.

Thomas G. Cornish, Hannett, Hannett, Cornish & Barnhart, Albuquerque, for appellants.

Sandra Grisham, Albuquerque, for appellee.

Toney Anaya, Atty. Gen., John C. Cook, Joseph T. Sprague, Asst. Attys. Gen., Santa Fe, amicus curiae.

## OPINION

LOPEZ, Judge.

Cora Armijo and Robert Fox appeal orders of the Bernalillo County Valuation Protests Board denying their requests for change in the valuation records of the county assessor in respect to the "full value" placed on their respective properties. We reverse and remand.

Cora Armijo owns about 2400 acres and Fox owns about 1755 acres in the west side of Albuquerque, New Mexico. Both taxpayers protest the amounts determined by the assessor to be the full or market value of their respective properties. Taxpayers do not protest the amount of taxes or the taxable value of the properties.

The protests were authorized under § 72–31–24, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1975). This section states in part:

"A property owner may protest the value determined by the county assessor for his property for property taxation purposes or the assessor's allocation of value of his property to a particular governmental unit by filing a petition with the assessor. Filing a petition in accordance with this section entitles the property owner to a hearing on his protest."

The taxpayers do not protest the amount of taxes nor the taxable value of the properties determined by the county assessor. Nonetheless, under § 72–31–24, supra, they have a right to protest the county assessor's determination of the "full" or "market value" of their properties.

There is no issue in this appeal that the properties were properly classified as grazing lands for tax purposes pursuant to § 72–29–9, N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1975).

The issue on appeal is whether the county assessor, once having classified the properties as grazing lands, pursuant to § 72–29–9, supra, should also have determined the

full value in a manner consistent with that classification.

Section 72–29–9(A), N.M.S.A.1953 (Repl. Vol. 10, pt. 2, Supp.1975) reads as follows:

"A. The value of land used primarily for agricultural purposes shall be determined on the basis of the land's capacity to produce agricultural products. The burden of demonstrating primary agricultural use is on the owner of the land, and he must produce objective evidence of bona fide agricultural use for the year preceding the year in which application is made for his land to be valued under this section. The fact that land was devoted to agricultural use in the preceding year is not of itself sufficient evidence to support a finding of bona fide primary agricultural use when there is evidence that the agricultural use was subordinate to another use or purpose of the owner, such as holding for speculative land subdivision and sale, commercial use of a nonagricultural character, recreational use or other nonagricultural purpose."

■ At the protest hearing, the testimony of Armijo revealed that the market value of the properties was $25.00 per acre; Fox did not introduce any evidence as to the market value of his property. The assessor introduced evidence that the *full or market value* of properties was $200.00 per acre. The board found, consistent with the testimony of the county assessor, that the *full or market value* of the property was $200.00 per acre. *The transcript reveals that the estimate produced by the county assessor's witness of $200.00 an acre was based upon comparable sales.* Our duty is to determine whether or not the board's conclusion that the assessor was right in determining the full and market value of the property at $200.00 an acre is supported by the evidence and is in accordance with the law. *In Matter of Protest of Miller,* 88 N.M. 492, 542 P.2d 1182 (Ct.App.1975).

■ We conclude that since the county assessor had already classified the property as grazing land, any valuation of the

full or market value of the property would have to be based upon the provisions of § 72–29–9, supra.

In *Matter of Protest of Miller,* supra, this Court said:

"If there is substantial evidence in the record to support a decision of a county valuation protests board, we are bound thereby. *United Veterans Org. v. New Mexico Prop. App. Dept.,* 84 N.M. 114, 500 P.2d 199 (Ct.App.1972). In deciding if there is substantial evidence to support the decision,

'. . . we must view the evidence in the most favorable light to support the finding and we will reverse only if convinced that the evidence thus viewed, together with all reasonable inferences to be drawn therefrom, cannot sustain the finding. Further, only favorable evidence and the inferences to be drawn therefrom, will be considered, and any evidence unfavorable to the findings will not be considered.'

"Id., 84 N.M. at 118, 500 P.2d at 203." The evidence most favorable to the county was the testimony of the county assessor that the property had a full value of $200.00 per acre and this testimony was based upon comparable sales. The criteria to determine the value of agricultural lands for taxation purposes such as the lands of the taxpayers is spelled out in § 72–29–9(A), supra.

We conclude that the criteria to determine the full or market value of the property used by the county assessor was not correct and that the action of the protests board was not supported by substantial evidence nor in accordance with the law.

The case is reversed and the cause is remanded to the protests board to proceed in accordance with § 72–29–9, supra, and in conformity with this opinion.

IT IS SO ORDERED.

SUTIN, J., concurs.

HERNANDEZ, J., concurs in the result only.