This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39798**

**GARY L. HORNER**

      Appellant-Petitioner,

v.

**JIMMY VOITA, San Juan County Assessor,**

      Appellee-Respondent.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**R. David Pederson, District Judge**

Gary L. Horner
Farmington, NM

Pro Se Petitioner

Joseph F. Sawyer
Aztec, NM

for Respondent

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Following an administrative appeal to the district court, Petitioner challenges the district court's order entering judgment in favor of Respondent and denying Petitioner's protests to the tax valuation of his property for the years 2019 and 2020. In this Court's notice of proposed disposition, we proposed to summarily affirm. Petitioner filed a memorandum in opposition to our proposed summary affirmance, and Respondent filed a memorandum in support, both of which we have duly considered. Remaining unpersuaded that Petitioner has shown error on appeal, we affirm.

**{2}** Initially, we note that Petitioner's memorandum in opposition reasserts all of the issues raised in his petition for writ of certiorari, which was denied by this Court. To the

extent Petitioner's memorandum in opposition seeks further review of the merits of the issues that we declined to review by certiorari [Odyssey-1/24/22 Ord. at 2], we will not revisit these issues and they are not before this Court as a part of the current direct appeal. Further, to the extent Petitioner attempts to argue that this Court's denial of his petition for writ of certiorari was improper, Petitioner failed to timely seek further review of the denial of his petition in accordance with Rules of Appellate Procedure, and any such claim is not appropriately raised by a memorandum in opposition. *See* Rule 12-505(M) NMRA ("Within thirty (30) days after the disposition of a petition for writ of certiorari by the Court of Appeals, a party may seek further review from a decision of the Court of Appeals or a denial of certiorari by the Court of Appeals by filing a petition for writ of certiorari with the Supreme Court under Rule 12-502 NMRA."); *see also* Rule 12-404 NMRA ("A motion for rehearing may be filed within fifteen (15) days after filing of the appellate court's disposition."). To the extent Petitioner argues that his petition was improperly denied, we construe these arguments as a motion for rehearing. *See* Rule 12-404. We deny that motion as untimely. *See id.* Accordingly, we will address only the arguments raised in Petitioner's memorandum in opposition that are directed to the three issues raised by Petitioner as a part of the current direct appeal and that were analyzed in our notice of proposed disposition.

**{3}** Petitioner's memorandum in opposition suggests some confusion as to the issues raised by his direct appeal. We therefore, reiterate our identification of Petitioner's three appellate issues, identified in his petition as issues C, E, and D, in part:

> (1) the increase in his tax liability as a result of a reclassification from agricultural to vacant land resulted in a property value assessment significantly higher than his neighbor's "similarly situated" property in violation of Article VIII, Section 1 of the New Mexico Constitution and deprived Petitioner of due process and equal protection of the law (issue C); (2) neither the Legislature in enacting NMSA 1978, Section 7-36-20 (1973, amended 2015), nor the administrative authority through its promulgation of 3.6.5.27(C) NMAC, can overrule the Supreme Court's interpretation of the Constitution as contained within *Gerner v. State Tax Commission*, 1963-NMSC-022, 71 N.M. 385, 378 P.2d 619 (issue D); and (3) [Regulation] 3.6.5.27(C) [of the New Mexico Administrative Code], which requires, in relevant part, for the property to have livestock to be eligible for valuation as agricultural land, is unconstitutional as it conflicts with *Gerner* (issue E).

[CN 1-2]

**{4}** We first address Petitioner's claim that the Legislature may not overrule our Supreme Court's interpretation of the New Mexico Constitution as contained within *Gerner*, as raised, in part, by Petitioner's issue D. Petitioner's memorandum in opposition does not address, except to abandon, his constitutional challenge to Section 7-36-20 [MIO 18] and instead has argued that the statute and *Gerner* may be read in

harmony, a claim that is not before this Court as a part of this direct appeal [Odyssey-1/4/22 Ord. at 2; MIO 18-20, 23-25]. We, therefore, deem issue D abandoned in relation to the constitutionality of the Legislature's enactment of Section 7-36-20. *See Taylor v. Van Winkle's IGA Farmer's Mkt.*, 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that where the proposed disposition of an issue is not contested in a memorandum in opposition, that issue is abandoned).

**{5}** We next address Petitioner's argument that 3.6.5.27(C) NMAC is in conflict with the Supreme Court's constitutional interpretation in *Gerner*, as raised by Petitioner's issues E, and, in part, D. [MIO 25-28] In support of this claim, Petitioner continues to argue that "*Gerner* provides that a property need not be used for grazing purposes to qualify as agricultural property, although [3.6.5.27(C) NMAC] provides that there must be livestock on property to qualify as agricultural property." [MIO 26] We are not persuaded.

**{6}** As we explained in our notice of proposed disposition, Petitioner misapprehends *Gerner*. [CN 3-4] The holding in *Gerner* did not establish, as claimed by Petitioner, that property need not be used for grazing purposes "to be classified and valued as agricultural land." [MIO 27] Indeed, the word "agricultural" does not appear anywhere within the text of *Gerner*; and, the special method of valuation for agricultural land, as compared to other classes of property, did not yet exist at the time the case was decided. [CN 3-4] Instead, our Supreme Court merely explained in *Gerner* that for purposes of taxation, the fact that undeveloped land was not used for grazing did not, absent evidence of an actual use that would increase the value of that land, distinguish that land in character or quality from undeveloped land actually used for grazing, such that the former could be valued higher than the latter. 1963-NMSC-022, ¶¶ 3, 7-10. [CN 3-4] However, after *Gerner* was decided, Article VIII, Section 1 of the New Mexico Constitution was amended to allow different methods of valuation for different classes of property, and the Legislature enacted Section 7-36-20 to establish a special method of taxation valuation for agricultural land. [CN 3-4] Thus, it is no longer true for purposes of taxation that land used for grazing, or land for which there is otherwise "[e]vidence of bona fide primary agricultural use," is of the same character, quality, or class as land that is not used for grazing or that otherwise lacks "[e]vidence of bona fide primary agricultural use." Section 7-36-20(A); *see In Re Armijo*, 1976-NMCA-032, ¶ 5, 89 N.M. 131, 548 P.2d 93 (noting that land classified as grazing lands qualified as agricultural lands for purposes of tax valuation). [CN 3-4]

**{7}** Petitioner's memorandum in opposition appears to argue that this analysis is erroneous, claiming that the 1971 constitutional amendment did not impact *Gerner* and, in fact, "did not change anything at all, it merely confirmed the [L]egislature's inherent power to tax." [MIO 27] We cannot accept this argument, as to do so would render the constitutional amendment meaningless. *See State ex rel. King v. Lyons*, 2011-NMSC-004, ¶ 50, 149 N.M. 330, 248 P.3d 878 (noting that we must presume that constitutional and statutory amendments were intended "to have real and substantial effect" and "to change the law as it previously existed" (internal quotation marks and citation omitted)).

**{8}** More importantly, our notice of proposed disposition did not propose to conclude that the 1971 constitutional amendment and subsequent enactment of Section 7-36-20 served to "overrule" or otherwise "discredit" *Gerner*, as argued by Petitioner. [MIO 27] Indeed, we proposed that "the main principle of *Gerner*—that properties of the same class should be valued in the same manner—remains true." [CN 4] Our proposed disposition instead explained that Petitioner was incorrect in understanding *Gerner* to establish any law in relation to the classification and special valuation of land as agricultural. [CN 3-4] It could not have, because it was not until after Article VIII, Section 1 was amended in 1971 and Section 7-36-20 was enacted in 1973 that any land received special valuation based on its agricultural status. Consequently, we are unpersuaded by Petitioner's argument in his memorandum in opposition that 3.6.5.27(C) NMAC "stands in direct conflict" with *Gerner* because it requires livestock on the property in order for land to be classified and valued as agricultural land. [MIO 27] *Gerner* did not hold otherwise.

**{9}** We next address Petitioner's issue C. Regarding Petitioner's claim that the increase in his tax liability resulted in a property value assessment significantly higher than his neighbors' similarly situated properties, our notice of proposed disposition explained that agricultural grazing lands are a separate class of property that need not be valued in the same manner as undeveloped, vacant, or otherwise non-agricultural, land. [CN 4] We therefore, proposed that "Petitioner's property, lacking a grazing lease, is neither 'similarly situated' to, nor of the same class as, his neighbors' properties, which have grazing leases." [CN 4] We understand Petitioner's memorandum in opposition to challenge this proposed conclusion by arguing that not all of his neighbors, whose land enjoys agricultural status, have grazing leases [MIO 21], and, more broadly, that "land with a grazing lease" and "vacant land" are not separate classes of land for purposes of taxation [MIO 20], which we understand as a claim that his neighbors' properties, despite having grazing leases, did not otherwise meet the requirements for valuation as agricultural land, but were nonetheless so valued. Petitioner's memorandum in opposition, however, has not provided any facts of record to support these assertions or to otherwise demonstrate that the district court erred in its conclusion that Petitioner's equal protection argument was "not supported by evidence in the [r]ecord." [3 RP 393] *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 320 P.3d 987 ("It is not our practice to rely on assertions of counsel [or a self-represented litigant] unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). Petitioner has, therefore, failed to demonstrate error as to this claim. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the district court erred).

**{10}** In relation to Petitioner's due process claims, Petitioner's memorandum in opposition refers back to and reiterates his previous arguments without addressing the analysis contained within our notice of proposed disposition. [MIO 21-22] It is, therefore, unavailing. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward

and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error). And, similarly, Petitioner's memorandum in opposition has not otherwise asserted any facts, law, or argument that persuades us that our notice of proposed disposition was erroneous. *See Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24.

**{11}**    Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{12}    IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JACQUELINE R. MEDINA, Judge**